**Richard D. HUNT, Appellant,**

v.

**MISSOURI PACIFIC RAILROAD and International Brotherhood of Firemen and Oilers, AFL–CIO, Local 718, Appellees.**

**No. 83–1618.**

United States Court of Appeals, Eighth Circuit.

Submitted March 12, 1984.

Decided March 16, 1984.

Gene O'Daniel, Little Rock, Ark., for appellant.

Friday, Eldredge & Clark by Christopher Heller, Little Rock, Ark., for appellee Missouri Pacific R. Co.

Before ROSS, ARNOLD and BOWMAN, Circuit Judges.

PER CURIAM.

Richard D. Hunt appeals the district court's [1] grant of summary judgment to the Missouri Pacific Railroad (MoPac) and the International Brotherhood of Firemen and Oilers (IBFO Local 718), 561 F.Supp. 310. The facts as found by the district court follow.

Appellant's cause of action arises out of his employment as a mechanical laborer with defendant MoPac. He was initially hired on September 5, 1979. During his employment with MoPac, plaintiff was represented for collective bargaining purposes by Local 718 of the IBFO.

On November 7, 1979, appellant was working the 11 p.m. to 7 a.m. shift and was engaged in cleaning locomotive engines. At some point after taking a lunch break at 3 a.m. he entered the bathroom, sat on the toilet and bent over, placing his arms on his legs and resting his head on his arms. He was seen in this position by one of his supervisors, and on November 13, 1979, he was discharged for "assuming a position of sleep from 4:35 a.m. until 4:57 a.m., November 7, 1979," and for failing to properly perform his duties from 11 p.m. to 7 a.m.

The collective bargaining agreement applicable to appellant's terms and conditions of employment provides that a grievance may be submitted by or on behalf of any employee subject to the agreement within 60 days from the date of the occurrence on which the grievance is based. In the instant case, no grievance was instituted on

1. The Honorable Elsijane T. Roy, United States District Court for the Eastern District of Arkansas.

appellant's behalf, even though he made several requests therefor.

The constitution of the IBFO, which sets forth the governing rules of the union for all members of the IBFO and its local unions, provides an internal union appeal procedure for members who are affected by any decision or order of a local union to bring an appeal directly to the president of the IBFO. Under this provision, an appeal may be taken over the failure of a local chairman to file a grievance on behalf of an IBFO member in a dispute with a carrier such as MoPac. Under the IBFO constitution, the president of the IBFO is empowered to rule on the merits of the appeal and to order appropriate relief, including directing a local chairman to file a timely grievance with the carrier on behalf of a member challenging the carrier's wrongful actions taken against that member. The same article of the constitution provides that no member shall appeal to the civil courts for redress until after exhausting all rights of appeal prescribed in the constitution. Appellant did not pursue the internal union remedies available to him in the IBFO constitution with regard to his complaint that Local 718 never filed a grievance on his behalf and denied him adequate representation in the dispute with MoPac over his discharge.

Appellant commenced this action against MoPac and Local 718 by filing a complaint in the district court on March 24, 1982. The complaint alleged that MoPac breached the existing collective bargaining agreement in discharging appellant and that Local 718 breached its duty of fair representation in failing to file a grievance following his discharge. MoPac initially moved to dismiss appellant's complaint for lack of subject matter jurisdiction. Appellant filed an amended complaint on June 1, 1982, containing the same allegations against both defendants as reflected in the original complaint, but alleging in addition that Local 718 colluded with MoPac in failing to pursue the grievance procedure and seeking contractual remedies for his discharge. MoPac answered the amended complaint, maintaining that the court lacked subject matter jurisdiction. Local 718 also sought summary judgment on the ground that appellant's complaint was not timely filed. The court granted summary judgment in favor of both defendants.

For reversal, appellant argues that the district court erred in finding that it lacked subject matter jurisdiction over his claim against the railroad and in finding that his complaint against the union was time-barred.

## 1. Subject Matter Jurisdiction

■ The district court has jurisdiction over a suit brought by an employee against a union for breach of the duty of fair representation. 28 U.S.C. § 1337; *Raus v. Brotherhood of Railway Carmen,* 663 F.2d 791, 796 (8th Cir.1981). However, federal courts do not have jurisdiction to entertain a claim by an employee against a railroad for breach of a collective bargaining agreement. Those suits fall within the exclusive jurisdiction of the National Railroad Adjustment Board (NRAB). 45 U.S.C. § 153 First (i); *Raus v. Brotherhood of Railway Carmen, supra,* at 794. So in the normal course of events, the district court would have jurisdiction over the claim against the union, but not over the claim against the railroad.

This court held in *Raus, supra,* that a district court can exercise jurisdiction over a claim by an employee against the railroad under the following circumstances:

[w]here there are good faith allegations and facts supporting those allegations indicating collusion or otherwise tying the railroad and the union together in allegedly arbitrary, discriminatory or bad faith conduct amounting to a breach of the duty of fair representation, the district court has jurisdiction over the union on the fair representation claim and over the railroad on the contract violation claim.

*Id.* at 798 (footnote omitted).

Appellant claims that he did allege facts showing collusion between the union and

the railroad. His amended complaint stated:

11. Plaintiff then notified his "union" in regard to getting his job back. The agent of defendant "union" did not file any grievance procedure or attempt to file any contractual proceeding on behalf of Plaintiff. He only urged Plaintiff to call someone with the "company" who would see that he could get his job back. Furthermore, "company" misled Plaintiff into thinking that he would get his job back, only to have the time to file any grievance procedure expire. "Company" and "union" acted jointly in preventing him from pursuing his contractual remedies in getting his job back by the "union" doing nothing in regard to his grievances and "company" falsely promising him that he would get it back only to allow the time for filing a grievance to expire. Such actions were collusion between the defendants to deprive Plaintiff of getting his job back.

Appellant also attached portions of his testimony in a deposition in which he stated that the sole basis for his allegation of collusion is his belief that the union failed to represent him adequately.

■ The district court found that appellant's conclusive assertions were insufficient to support a finding of collusion. We agree. Appellant simply has not alleged any facts, as required by *Raus, supra*, tying the railroad and the union together in arbitrary, discriminatory or bad faith conduct. Without more specific allegations from appellant, we hold that the district court was correct in granting judgment for the railroad.

*2. Timeliness of Complaint*

■ The railroad discharged appellant on November 13, 1979. He brought this suit against the union on March 24, 1982. In *DelCostello v. International Brotherhood of Teamsters*, — U.S. —, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), the Court held that the six-month limitation period of section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b) (1973) governs suits by employees alleging breach of the duty of fair representation against the union. Under *DelCostello*, appellant's suit against the union is clearly time-barred. *DelCostello* was decided June 8, 1983. The district court decided the instant case on April 1, 1983, finding that appellant's suit was barred under *United Parcel Service, Inc. v. Mitchell*, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981), which applied a 90-day limitations period to suits of this type. This court must apply *DelCostello* to the instant case; that decision is to be applied retroactively. *Lincoln v. District 9 of the International Association of Machinists*, 723 F.2d 627 (8th Cir.1983). Appellant brought suit more than two years after his discharge, therefore, his suit is time-barred.

Accordingly, we affirm the order of the district court.