**Debra F. NINHAM, Plaintiff,**

v.

**NICOLET PAPER COMPANY, an affiliate of Philip Morris Incorporated,**

**and**

**United Paperworkers International Union Local No. 6288, AFL–CIO, Defendants.**

**No. 83–C–0976.**

United States District Court, E.D. Wisconsin.

April 10, 1984.

John A. Evans, Evans, Venci & Camilli, Green Bay, Wis., for plaintiff.

Carolyn A. Gnaedinger, Quarles & Brady, Milwaukee, Wis., for Nicolet Paper Co.

Gerry M. Miller, Goldberg, Previant, Uelmen, Gratz, Miller & Brueggeman, S.C., Milwaukee, Wis., for United Paperworkers International Union Local 6288, AFL–CIO.

### DECISION AND ORDER

MYRON L. GORDON, District Judge.

The plaintiff commenced this action in state court on July 29, 1983, alleging that her former employer, Nicolet Paper Company, had broken its collective bargaining agreement by extending her probationary period, and that United Paperworkers International Union, Local No. 6288, had violated its duty of fair representation in connection with her termination by Nicolet. The case was removed to federal court pursuant to 28 U.S.C. § 1441. Both defendants have moved for summary judgment on the basis that the plaintiff's action is untimely. The motions will be granted.

Affidavits submitted by the defendants allege the following facts. The plaintiff was hired by Nicolet Paper Company on November 19, 1980, as a probationary employee. At all material times she was a member of the defendant union. During the time period in question, the collective bargaining agreement in effect provided for a probationary period of 45 working days for new employees. Section 8(A) of the agreement stated that during his or her

probationary period, an employee could be laid off or discharged at the option of the company.

According to the defendants, the company occasionally requested that the 45-day probationary period be extended. The union generally concurred in these requests when the alternative was that the employee would be immediately terminated. In the plaintiff's case, the company found her work performance to be unsatisfactory. Prior to the end of her initial probationary period, the company asked that her probation be extended for an additional month. The union agreed, and the plaintiff was notified of the extension by letter dated January 21, 1981. The company subsequently determined that the plaintiff's performance had not improved, and she was terminated from her position on February 23, 1981, prior to the end of the extended probationary period.

The defendants claim to have been in agreement that extensions of the probationary period were permitted under Section 8(A) of the collective bargaining agreement. The union also asserts, via an affidavit of Gerald Herwald, President of Local No. 6288, that the company and union agreed that terminations of probationary employees were not formally grievable under the collective bargaining agreement, although the union had sometimes pursued the complaints of such employees on an informal basis.

According to the defendants' affidavits, the plaintiff submitted a grievance, dated February 24, 1981, concerning her termination. The union arranged several meetings between the company and the union bargaining committee regarding the plaintiff's termination. At these meetings, the company asserted that her termination was at the company's option because it took place while she was still a probationary employee. This position was stated in writing in a letter dated March 2, 1981, from the company's Manager of Industrial Relations, Mr. Albers, to Mr. Herwald.

Mr. Herwald's affidavit states that the plaintiff then took up her complaint with the local union membership at a meeting held on April 20, 1981. At that meeting the membership decided by majority vote not to pursue the plaintiff's complaint further. According to Mr. Herwald, the plaintiff was present at the meeting and was fully apprised of this decision.

Under Rule 56(e), Federal Rules of Civil Procedure, when a motion for summary judgment is made and supported by affidavits, the opposing party may not rest on his pleadings, but must submit affidavits or other materials that show the existence of a genuine issue of fact for trial. Most of the facts just recounted are not contested by any materials submitted by the plaintiff. The only possibly disputed allegations are those concerning the union's handling of the plaintiff's grievance. In an affidavit, the plaintiff asserts that soon after her termination, she asked the union to bring a grievance but that the union "did not attempt to press the matter." She states that she attempted to be reinstated at meetings after her firing and prior to May, 1981, and that the union, through Mr. Herwald, informed her that she did not have a case. She further alleges that she was never notified by the union that it would not continue efforts to have her reinstated or that her membership in the union was terminated.

The defendants assert that the plaintiff's suit is barred by the six-month statute of limitations contained in Section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b). In *DelCostello v. International Brotherhood of Teamsters*, —— U.S. ——, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), the United States Supreme Court held that this statutory section applies to so-called hybrid suits against an employer for an alleged breach of a collective bargaining agreement and a union for an alleged breach of the union's duty of fair representation. That this case is such a hybrid suit is apparent from the face of the plaintiff's complaint.

Under *DelCostello*, the plaintiff had to commence this suit within six months after a final determination was made of her

grievance concerning her termination. As noted in *Metz v. Tootsie Roll Industries, Inc.,* 715 F.2d 299 (7th Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 976, 79 L.Ed.2d 214 (1984), this "final determination" may consist of a union's decision not to pursue the grievance through all the steps laid out in the collective bargaining agreement grievance procedure. In rejecting the plaintiff's argument in *Metz* that the statute of limitations had not yet begun to run because she had not been given notice of the outcome of her grievance, the court stated that the statute begins to run when the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation.

In the case at bar, the plaintiff's grievance was not pursued through all the steps of the contractual grievance procedure, because, according to the plaintiff's own affidavit, the union did not believe she had a case. Although the plaintiff asserts that she has never been given formal notice by the union stating that it would not continue to try to have her reinstated, she does not contest Mr. Herwald's assertion that she was present at a meeting of the union membership on April 20, 1981, at which a majority voted not to pursue her grievance further. Applying the principles set out in the *Metz* case, it is apparent that the plaintiff's cause of action in this case accrued no later than April 20, 1981, and that this action commenced over two years thereafter, is therefore barred by the six-month statute of limitations in 29 U.S.C. § 160(b).

The plaintiff makes several arguments as to why this conclusion should be deemed incorrect in her case. Apparently at some point the plaintiff filed charges with the Equal Employment Opportunity Commission against Nicolet Paper Co. These charges resulted in a "right to sue" letter being issued on March 18, 1983. The letter stated that the plaintiff would have 90 days after receipt of the letter to pursue her claim in federal court.

The plaintiff argues that "as long as there is some type of activity going on in the Federal government," running of the statute of limitations is tolled and 29 U.S.C. § 160(b) does not apply. She also argues that the statute of limitations does not begin to run until all administrative procedures have been exhausted. No authority is cited for either of these propositions.

In *International Union of Electrical, Radio and Machine Workers Local 790 v. Robbins and Myers, Inc.,* 429 U.S. 229, 97 S.Ct. 441, 50 L.Ed.2d 427 (1976), the United States Supreme Court found remedies under the National Labor Relations Act to be distinct from those under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. The Court held that submission of a grievance under a collective bargaining agreement does not toll the period in which a charge of discrimination must be filed with the EEOC. In this case, the complaint does not allege discrimination; it alleges a breach of the collective bargaining agreement and a breach of the duty of fair representation. Under the reasoning of *Robbins and Myers,* the plaintiff's pursuit of her discrimination claim before the EEOC does not affect the running of the statute of limitations under 29 U.S.C. § 160(b). *See Pickens v. Nicolet Paper Co.,* No. 83–C–0432 (E.D.Wis. January 23, 1984). Furthermore, even if this action involved charges of discrimination, it would be untimely, since the complaint was not filed until well over 90 days after the plaintiff's receipt of her right to sue letter.

The plaintiff's only other argument is that she commenced this case in state court to pursue a state cause of action; therefore the federal statute of limitations should not apply, and the case should be remanded to state court. While the complaint does not indicate whether federal or state law is being relied upon, the wrongs complained of are the employer's alleged violation of a collective bargaining agreement and the union's alleged failure to fulfill its duty of fair representation. The Court's discussion in *Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967) made it clear that, while state courts may exercise jurisdiction over actions involving such claims, the

**1060**

rights in question arise under federal labor statutes and are governed by federal law. Furthermore, "the choice of a limitations period for a federal cause of action is itself a question of federal law." *DelCostello*, 103 S.Ct. at 2288 n. 13. Therefore, the six-month statute of limitations prescribed in *DelCostello* applies here, and the plaintiff's claims are time-barred.

Therefore, IT IS ORDERED that the defendants' motions for summary judgment be and hereby are granted.

IT IS ALSO ORDERED that this action be and hereby is dismissed.