Anthony RANIERI, Plaintiff-Appellee,

v.

UNITED TRANSPORTATION UNION, an unincorporated association, and Lawrence G. Lewman, Defendants-Appellants.

Nos. 83–2563, 83–2721.

United States Court of Appeals, Seventh Circuit.

Argued May 7, 1984.

Decided Sept. 18, 1984.

As Amended Oct. 23, 1984.

C. Mitchell Clausner, Jr., Echard & Clausner, Mount Pleasant, Pa., for plaintiff-appellee.

Norton N. Newborn, Cleveland, Ohio, for defendants-appellants.

* The Honorable Richard B. Kellam, Senior District Judge for the Eastern District of Virginia, sitting by designation.

Before CUDAHY, FLAUM, Circuit Judges, and KELLAM,* Senior District Judge.

KELLAM, Senior District Judge.

Asserting that the district court erred in granting the motion of United Transportation Union (Union) and its Local Chairman, Lawrence G. Lewman (Chairman), to dismiss this action as barred by the statute of limitations, Anthony Ranieri appealed. Plaintiff, a former employee of Consolidated Rail Corporation (Conrail), was dismissed from his employment. Following procedures provided for by the Collective Bargaining Agreement, an arbitration decision was rendered May 11, 1981, ordering plaintiff reinstated without back pay. No appeal or challenge was made to that decision. On August 26, 1982, plaintiff filed this suit against Union and Chairman, but not against Conrail, alleging breach of duty of fair representation, seeking back pay and other damages. Union and Chairman filed a motion to dismiss, asserting the statute of limitations barred the action. The district court granted the motion, ruling that the action against the Union and its Chairman was governed by the decision of the Supreme Court in *DelCostello v. International Brotherhood of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 2290, 76 L.Ed.2d 476 (1983). There, the Supreme Court held that section "10(b) of the National Labor Relations Act, which establishes a six-month period for making charges of unfair labor practices to the NLRB" controls an action against the Union—and its officials—for breach of duty of "fair representation, which is implied under the scheme of the National Labor Relations Act."

Plaintiff erroneously contends that his action against the Union and Chairman for breach of the union's duty of fair representation is governed by 45 U.S.C. § 153(First)(r) of the Railway Labor Act.

Section 153(First) of that act deals with disputes between an employee or group of employees and a carrier or carriers, where an award has been made by a decision of the Adjustment Board in favor of a petitioner for reinstatement or for the payment of money, or other relief, and the carrier has failed or refuses to comply with the order. That section grants the petitioner the right to seek enforcement of the award or order in the district court. Likewise, if an employee or group of employees, or any carrier, is ·aggrieved by the failure of any decision of the Adjustment Board to make an award, or by the terms of an award, a right of action in the district court for review or enforcement of the order is provided. Subsection (r) of Section 153(First) provides:

All actions at law based upon the provisions of this section shall be begun within two years from the time the cause of action accrues under the award of the decision of the Adjustment Board and not after.

It is abundantly clear that the limitations provided in subsection (r) above are restricted to the "actions at law based upon the provisions of this section" Section 153(First), and not an action by any employee against his union for breach of the union's duty of fair representation. The section deals with "disputes between an employee or group of employees and a carrier or carriers," and deals with a cause of action which "accrues under the award of the decision of the Adjustment Board." Nowhere in the section does it refer to actions by an employee against his union, or to actions not accruing under the award.

The statutory duty of fair representation by a union and the right of action by an employee against the union for breach of that duty is judicially "implied from the (Railway Labor Act) and the policy which it has adopted," *Steele v. Louisville & N.R. Co.*, 323 U.S. 192, 204, 65 S.Ct. 226, 232, 89 L.Ed. 173 (1944), and "implied under the scheme of the National Labor Relations Act," *DelCostello v. International Brotherhood of Teamsters, supra*, 103 S.Ct. at

2290 (1983). Later in *Czosek v. O'Mara*, 397 U.S. 25, 28, 90 S.Ct. 770, 773, 25 L.Ed.2d 21 (1970), the court made it clear that the "claim against the union defendants for the breach of their duty of fair representation is a discrete claim quite apart from the right of individual employees expressly extended to them under the Railway Labor Act...."

In *DelCostello v. International Brotherhood of Teamsters, supra*, 103 S.Ct. at 2291, n. 14, the court points out that the duty of fair representation arises from the fact that NLRA (and the Railway Labor Act) allow a single labor organization to represent the interest of all employees within a unit; the union has the duty to represent all employees without hostility or discrimination, to exercise its discretion with complete good faith and honesty and avoid arbitrary conduct. The duty arises by virtue of the statute granting the right of representation of the employees to a single labor organization; the exclusive right of representation of all members "includes a statutory obligation to serve the interest of all members...." *Vaca v. Sipes*, 386 U.S. 171, 177, 87 S.Ct. 903, 910, 17 L.Ed.2d 842 (1967).

■ Limitations on actions by employees brought only against their union for breach of the duty of fair representation do not fall under the provisions of 45 U.S.C. § 153(First)(r) of the Railway Labor Act, as that section, "by its own terms applies only to 'disputes between an employee or group of employees and a carrier or carriers.' *Conley v. Gibson*, 355 U.S. 41, 44, 78 S.Ct. 99, 101 [2 L.Ed.2d 80] (1957)." *Glover v. St. Louis-San Francisco Railway Co.*, 393 U.S. 324, 328, 89 S.Ct. 548, 550, 21 L.Ed.2d 519 (1969).

■ The applicable statute of limitations to this action by an employee against his union for breach of the duty of fair representation is 29 U.S.C. § 160(b), as held by the district court. *See DelCostello v. International Brotherhood of Teamsters, supra; Czosek v. O'Mara, supra; Sisco v. Consolidated Rail Corp.*, 732 F.2d 1188 (3d Cir.1984); *Hunt v. Missouri Pacific*

*Railroad Carmen,* 729 F.2d 578 (8th Cir. 1984); *Raus v. Brotherhood Railway Carmen of United States and Canada,* 663 F.2d 791 (8th Cir.1981).[1]

The action of the district court in dismissing this suit is

AFFIRMED.

John R. Gibson, Circuit Judge, filed dissenting opinion.

---

**1.** In *Sisco,* the Third Circuit declined to reach the question whether a six-month limitation period necessarily applies to a duty of fair representation claim arising out of the arbitrary or discriminatory litigation of a final Board award for which there is a two-year limitation period for judicial review. We also do not necessarily reach this precise question, because it is intertwined with the issue of when such a claim accrues. This question of accrual is not in issue here because at oral argument appellant conceded that his DFR claim accrued on the date of the Board award, even though the manner in which a union undertook (or declined to undertake) judicial review of such a Board award could at least theoretically form a basis for a DFR claim itself arising at a later date. Once the claim accrues, however, it is clear that under *DelCostello,* the six-month limitation period should apply to the DFR claim.