**H. Jack FRANSDEN, Plaintiff,**

v.

**BROTHERHOOD OF RAILWAY, AIRLINE AND STEAMSHIP CLERKS, et al., Defendants.**

**Civ. No. 84–3067.**

United States District Court, S.D. Illinois.

Feb. 1, 1985.

Eric D. Jackstadt, Lance Callis, Callis & Hartman, P.C., William E. Brandt, Granite City, Ill., for plaintiff.

James C. Cook, Walker & Williams, P.C., Belleville, Ill., S.I. Hirsh, Chicago, Ill., Joseph Guerrieri, Jr., John A. Edmond, Highsaw & Mahoney, P.C., Washington, D.C., for defendants.

### MEMORANDUM AND ORDER

FOREMAN, Chief Judge.

Before the Court are Defendant Brotherhood of Railway, Airline and Steamship Clerk's (BRAC) Motion for Summary Judgment (Document No. 21) and Defendant Missouri Pacific Railroad Company's (MOPAC) Motion for Summary Judgment (Document No. 24). Plaintiff filed this action alleging that BRAC was guilty of unfair representation in negotiations with MOPAC resulting in a loss of his seniority rights and privileges and that MOPAC conspired with BRAC to deprive the plaintiff of his seniority rights. The main argument of both defendants' summary judgment motions is that plaintiff's cause of action is barred by the six-month statute of limitations set forth in *Del Costello v. International Brotherhood of Teamsters*, 461 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983).

Summary judgment is appropriate only where the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56. The party moving for summary judgment has the burden of establishing the lack of a genuine issue of material fact. *Korf v. Ball State University*, 726 F.2d 1222, 1226 (7th Cir.1984). The Court must view the evidence, and the reasonable infer-

ences to be drawn therefrom, in the light most favorable to the party opposing summary judgment. Where the moving party fails to meet its strict burden of proof, summary judgment cannot be entered even if the opposing party fails to respond to the motion. *Yorger v. Pittsburg Corning Corp.*, 733 F.2d 1215 (7th Cir.1984).

■ Where the moving party has met its initial burden and the opposing party asserts the existence of a question of fact, the Seventh Circuit has identified two considerations to be used in determining whether summary judgment is proper. The Court must determine whether the non-moving party has established that there is a genuine issue as to that fact.

> To create a question of fact, an adverse party responding to a properly made and supported summary judgment motion must set forth specific facts showing that there is a genuine issue for trial .... A party may not rest on mere allegations or denials of his ·pleadings; similarly, a bare contention that an issue of fact exists is insufficient to raise a factual issue.

*Posey v. Skyline Corp.*, 702 F.2d 102, 105 (7th Cir.), *cert. denied*, — U.S. —, 104 S.Ct. 392, 78 L.Ed.2d 336 (1983). Furthermore, the disputed fact must be material, that is, it must be outcome-determinative under the applicable law. *Egger v. Phillips*, 710 F.2d 292, 296 (7th Cir.) (en banc), *cert. denied*, — U.S. —, 104 S.Ct. 284, 78 L.Ed.2d 262 (1983).

Applying these principles to the issue at hand, the Court finds that there exists no issue of material fact and that the defendants are˙entitled to judgment as a matter of law. Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, gives an employee a cause of action against his employer for unfair labor practices. The employee also has a cause of action against his union for breach of the union's duty of fair representation. Both the union's duty and the employee's cause of action are "implied under the scheme of the National Labor Relations Act." *Del Costello v. International Brotherhood of*

*Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 2290, 76 L.Ed.2d 476 (1983). A similar duty and cause of action are implied under the Railway Labor Act. *Steele v. Louisville & Nashville Railroad Co.*, 323 U.S. 192, 204, 65 S.Ct. 226, 232, 89 L.Ed. 173 (1944); *Ranieri v. United Transportation Union*, 743 F.2d 598, 600 (7th Cir.1984).

■ Initially, the Court notes that the plaintiff claims that MOPAC is liable to him as a party to BRAC's alleged duty of fair representation breach. The plaintiff does not bring a direct claim against MOPAC under § 301 of the LMRA, 29 U.S.C. § 185, as is usually the case in a "hybrid duty of fair representation/301 action." In the usual hybrid case, the § 301 claim could stand distinct from the duty of fair representation claim, but here the plaintiff cannot bring such a claim because § 301 does not apply to employers, such as MOPAC, subject to the Railway Labor Act. The claim here is that MOPAC is a party to BRAC's breach. Thus, if BRAC's claim is dismissed, the claim against MOPAC must also be dismissed. *United Independent Flight Offices Inc., et al. v. United Airlines, Inc., et al.*, No. 83–3069, slip op. at 17 (7th Cir. Jan. 17, 1985). An employer is liable together with the union for the union's breach of its duty of fair representation, if as alleged here, it acted in collusion with the union. *Id.*

■ In *Del Costello*, the Supreme Court held that the six-month statute of limitations set forth in Section 10(b) of the National˙ Labor Relations Act, 29 U.S.C. § 160(b), governs breach of contract and/or breach of fair representation claims like the one present in this lawsuit. In *Ranieri*, the Seventh Circuit held, following *Del Costello*, that the six-month section 10(b) limit applied to a Railway Labor Act duty of fair representation claim by an employee against his union. 743 F.2d at 599. The Seventh Circuit has also applied this limitations period to a suit in which the employer is alleged to have colluded with the union in breaching the duty of fair representation. *United Independent Flight Officers, Inc., et al. v. United Airlines, Inc.*, No.

83–2572, slip op. at 17 (7th Cir. Jan. 17, 1985.) The Seventh Circuit has applied *Del Costello* retroactively. *Storck v. International Brotherhood of Teamsters,* 712 F.2d 1194 (7th Cir.1983). The six-month limitations period begins running when the claimant "discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged [violation]." *Metz v. Tootsie Roll Industries, Inc.,* 715 F.2d 299, 304 (7th Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 976, 79 L.Ed.2d 214 (1984).

In the instant case, the plaintiff does not contest the fact that he discovered or otherwise became aware of the acts constituting the alleged violations on April 16, 1982, or shortly thereafter. Rather, he alleges that his pursuance of intra-union remedies tolled the six-month statute of limitations. The defendant BRAC counters by arguing that since the plaintiff is not required to exhaust intra-union remedies that are futile, the statute of limitations is not tolled by the fact that the plaintiff did pursue them.

With regard to the defendants' argument, the Supreme Court has held that a railroad employee's suit against a union for breach of its duty of fair representation is not subject to the ordinary requirement that administrative remedies be exhausted before resorting to the courts. *Czosek v. O'Mara,* 397 U.S. 25, 90 S.Ct. 770, 25 L.Ed.2d 21 (1970). One commentary has implicitly stated that this rule applies to the intra-union remedies a railroad employee might have at his disposal. 23 Fed.Proc., L.Ed. § 52:2016. Therefore, accepting this as true, the defendants' argument would certainly have merit since if there exists no requirement of exhaustion of even effective intra-union remedies, tolling of the limitations period would not be necessary or proper. However, this Court is not convinced that the Supreme Court in *Czosek* intended to remove the exhaustion of intra-union remedies requirement since that precise issue was not before it. Further, the Court sees no reason why the Supreme Court would require exhaustion of effective intra-union remedies in other labor contexts and not in the railroad context. Therefore, this Court will proceed on the premise that exhaustion of intra-union remedies by a railroad employee is governed by the same principles set forth by the Supreme Court in other labor cases.

The Supreme Court has held that prior to filing suit a grievant need not exhaust internal union remedies unless the exhaustion would afford "complete relief" to the grievant. *Clayton v. UAW,* 451 U.S. 679, 101 S.Ct. 2088, 68 L.Ed.2d 538 (1981). Implicit in the defendants' argument is that if a plaintiff need not exhaust internal union remedies because they would not afford him complete relief, his attempt to exhaust them should not toll the running of the statute of limitations. In other words, if the plaintiff reaps the benefit from the no exhaustion rule, he must also pay the costs.

Resolution of this dispute requires the Court to define the interrelationship of two distinct legal doctrines. The purpose of exhaustion doctrines traditionally has been to encourage private rather than judicial resolution of disputes. On the other hand, the purpose behind the six-month statute of limitations is a rapid resolution of labor disputes. *Del Costello,* 103 S.Ct. at 2292.

However, in *Clayton,* the Supreme Court decided that exhaustion of futile internal union remedies would not promote the private resolution purpose. The Supreme Court stated:

> By contrast, where an aggrieved employee cannot obtain either the substantive relief he seeks or reactivation of his grievance, national labor policy would not be served by requiring exhaustion of internal remedies. In such cases, exhaustion would be a useless gesture: it would delay judicial consideration of the employee's § 301 action, but would not eliminate it. The employee would still be required to pursue judicial means to obtain the relief he seeks under § 301. Moreover, exhaustion would not lead to significant savings in judicial resources, because regardless of the outcome of the internal appeal, the employee would be

required to prove de novo in his § 301 suit that the union breached its duty of fair representation and that the employer breached the collective-bargaining agreement.

*Id.,* 451 U.S., at 693, 101 S.Ct. at 2097 (footnotes omitted). Thus, the *Clayton* Court refused to require that the plaintiff exhaust futile remedies.

 The defendants are asking this Court to go one step further than *Clayton.* By adopting the defendants' position, the Court would implicitly not only be dispensing with the exhaustion requirement where the remedies would not afford complete relief, but would also be essentially foreclosing any attempt to pursue such internal union remedies. But, the Supreme Court in *Clayton* conceded that exhaustion of even futile internal union remedies might be beneficial.

> Concededly, a requirement that aggrieved employees exhaust internal remedies might lead to nonjudicial resolution of some contractual grievances. For example, an employee who exhausts internal union procedures might decide not to pursue his § 301 action in court, either because the union offered him a favorable settlement, or because it demonstrated that his underlying contractual claim was without merit.

451 U.S. at 689, 101 S.Ct. at 2095. Yet, this Court does not believe that the slight possibility of nonjudicial resolution resulting from the pursuance of futile internal union remedies outweighs the need for a quick and complete judicial resolution. Therefore, pursuance of futile internal union remedies should not be required or encouraged. Accordingly, the Court holds that pursuance of internal union remedies which can not afford the grievant complete relief does not toll the six-month statute of limitations. *Compare, Ashby v. American Airlines,* 115 LRRM 2522 (W.Dist.Tenn. 1983) (delay in pursuing internal union remedies which do not even exist, does not toll the statute of limitations).

 Clearly, in the instant case the union could not have afforded the plaintiff complete relief. The gist of the plaintiff's case against the union is that the union breached its duty of fair representation by entering into an agreement with MOPAC which had the effect of depriving the plaintiff of seniority. However, once this agreement was entered into, the only possible relief the union could have had afforded the plaintiff would have been renegotiation of the contract with MOPAC in an attempt to modify it. Absent modification of the contract, the union would have no power to grant the plaintiff the "dovetail" seniority he seeks, even if the contract violated the union constitution as the plaintiff here alleges. Furthermore, modification of the contract is surely not the type of effective remedy the Supreme Court was referring to in *Clayton,* since renegotiation seeking modification is always a possibility in such a case. Therefore, the Court finds that the internal union remedies the plaintiff pursued could not have afforded him the relief he requested. As a result, the plaintiff's pursuance of them did not toll the six-month statute of limitations.

Accordingly, the Court GRANTS the Defendant BRAC's Motion for Summary Judgment (Document No. 21) and Defendant MOPAC's Motion for Summary Judgment (Document No. 24). The Court has fully considered all other arguments presented by the parties and finds them to be without merit. The Court ORDERS the Clerk to enter judgment in favor of the defendants and against the plaintiff.

IT IS SO ORDERED.