James **DUKES**, Plaintiff,

v.

**LOCAL 7–765, OIL, CHEMICAL & ATOMIC WORKERS INTERNATIONAL UNION and Stauffer Chemical Company, Defendants.**

No. 84 C 6365.

United States District Court, N.D. Illinois, E.D.

Feb. 19, 1985.

*Skadegaard, supra,* at 1218–19 (citations omitted).

William E. Elston, Jr., Chicago, Ill., for plaintiff.

Barbara J. Hillman, Cornfield & Feldman, Richard H. Schnadig and Michael W. Duffee, Vedder, Price, Kaufman & Kammholz, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

James Dukes ("Dukes") brought this suit under § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, alleging that defendant Local 7-765, Oil, Chemical, & Atomic Workers International Union ("the Union") failed to represent him adequately in grieving his May, 1982 discharge from the employ of defendant, Stauffer Chemical Co. ("Stauffer"). Before the Court is the Union's motion to dismiss, which argues that Dukes did not bring this suit within the relevant statute of limitations, and that, in any event, the complaint fails to state a claim for relief. For the reasons stated below, we hold that the complaint is untimely, and on that basis alone we grant the Union's motion to dismiss.

We must not grant this motion to dismiss unless it appears beyond doubt that Dukes can prove no set of facts entitling him to relief. *See Hishon v. King & Spalding,* —— U.S. ——, 104 S.Ct. 2229, 2233, 81 L.Ed.2d 59 (1984); *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). We must take as true, moreover, all material allegations of fact in the complaint. With these standards in mind, we consider Dukes' complaint.

Dukes alleges that he worked for Stauffer for "a substantial period of time" until May 17, 1982, when Stauffer fired him. He claims that he was fired without just cause, in violation of the collective bargaining agreement between Stauffer and the Union, which allowed employee discharges for just cause only. Stauffer apparently claims that it fired Dukes for fabricating a reason for missing work one week before the discharge.

Dukes alleges that he made a "timely" demand on the Union to file a grievance on his behalf. We will assume that he made such a demand immediately following his discharge. However, he did not hear from the Union at all until January, 1984, some eighteen months after the discharge. A few months before that, on October 10, 1983, Dukes had written the Union for advice as to the status of his grievance. Dukes also apparently made some oral inquiries about his grievance. However, the complaint alleges, and Dukes' brief also states, that his first communication with the Union about the grievance came in the October 10, 1983 letter.

On June 20, 1984, the newly elected President of the Union, Carl Strange, told Dukes that a grievance had in fact never been filed on his behalf. Dukes filed this complaint one month later, on July 25, 1984. The complaint alleges that the Union violated its duty of fair representation, and that Stauffer breached the collective bargaining agreement by firing him without just cause.

Dukes and the Union agree that under *DelCostello v. International Brotherhood of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 2282, 76 L.Ed.2d 476 (1983), the six month limitations period of § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b), governs suits alleging unfair representation by Unions. Because we hold below

that Dukes' cause of action accrued before June 8, 1983, the day *DelCostello* was decided, we note that *DelCostello* applies retroactively to this case. *Landahl v. PPG Industries*, 746 F.2d 1312 (7th Cir.1984).

The Union argues that under its collective bargaining agreement with Stauffer, any grievance must be filed within ten days after the incident sparking the grievance. Thus, it concludes that the cause of action accrued on May 27, 1982, the last day the Union could have filed a grievance. Dukes does not dispute the existence or relevance of this ten day provision, but argues that he made several inquiries about his grievance, that the Union led him to believe that it was processing his grievance, and that he did not learn about the Union's failure to file his claim until June, 1984. He concludes that the cause of action did not accrue until then, when he actually learned of the Union's inaction.

■ It might be that Dukes did not actually learn of the alleged breach until June, 1984, but the limitations period begins to run "when the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation." *Metz v. Tootsie Roll Industries, Inc.*, 715 F.2d 299, 304 (7th Cir.1983) (citations and internal quotations omitted), *cert. denied*, —— U.S. ——, 104 S.Ct. 976, 79 L.Ed.2d 214 (1984). We hold that Dukes should have discovered the Union's violations long before June, 1984. According to the complaint he first inquired about the grievance on October 10, 1983, about 16½ months after his discharge. A reasonably diligent employee would have at least inquired much sooner, certainly within six months or even a year following the discharge. Had Dukes done so, and had the Union acted as if it had filed a griev-

ance, as alleged in the complaint, Dukes might have had a basis for arguing that the cause accrued much later or that the statute should be tolled. But Dukes slept on his rights far too long. The Union's acts following the October 10, 1983 inquiry could not revive a claim that had long since expired.

This case is very similar to *Metz*. There also the Union failed to grieve the employee's discharge, and the employee waited about thirteen months following the Union's last action before filing her suit. 715 F.2d at 304. The Court held that she reasonably should have acted sooner to learn of the Union's alleged violation of its duty to her. *Id.* Dukes has not tried to distinguish—and, we believe, cannot distinguish—*Metz*.

■ Accordingly, we will grant the Union's motion to dismiss the claim against it. It follows that Dukes' claim against Stauffer is also time-barred.[1] *Metz*, 715 F.2d at 306. Thus, the complaint will be dismissed in total. It is so ordered.[2]

---

1. In *United Parcel Service, Inc. v. Mitchell*, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981), the Court held that the relevant state statute of limitations for actions to vacate arbitration awards should apply to an employee's suit against his or her employer under § 301 of the LMRA. In Illinois a 90 day limitations period applies to such suits. Ill.Rev.Stat., ch. 10, § 112(b) (1983). Thus, Dukes' claim against

Stauffer is time-barred. Stauffer did not raise this issue in a motion, but did so as an affirmative defense in its answer. Thus, it has not waived the limitations issue.

2. In light of this holding, we express no opinion on whether the complaint alleges a claim upon which relief could have been granted.