762 F.2d 1007
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JEROME GRAY, PLAINTIFF-APPELLANT,
v.
DEL MONTE CORP.; AMERICAN FEDERATION OF GRAIN MILLERS, LOCAL
359; AND AMERICAN FEDERATION OF GRAIN MILLERS
INTERNATIONAL (AFL-CIO), DEFENDANTS-APPELLEES.
 NO. 83-5739
 United States Court of Appeals, Sixth Circuit.
 4/19/85
 
 W.D.Tenn.
 AFFIRMED
 ORDER
 BEFORE: MERRITT, CONTIE and WELLFORD, Circuit Judges.
 
 
 1
 The plaintiff appeals the summary judgment for the defendants in this action asserting wrongful discharge under Sec. 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185, and breach of the Union's duty of fair representation. The appeal was referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Following the plaintiff's conviction and sentencing on state criminal charges, Del Monte Corporation terminated his employment effective September 18, 1981. With the aid of his Union, he filed a grievance asserting the discharge violated the collective bargaining agreement. The Company denied the grievance on December 30, 1981 for 'gross untimeliness' and gave notice it would accept no future grievances pertaining to the plaintiff's discharge. The Union refused to process the grievance further. The plaintiff was aware of that fact no later than January 15, 1982.
 
 
 3
 The present hybrid Sec. 301/unfair representation action was filed on September 17, 1982. On motion of the defendants, the district court granted summary judgment to the defendants on grounds the action was time-barred under the six-month statute of limitations found in Sec. 10(b) of the National Labor Relations Act, 29 U.S.C. Sec. 160(b). This appeal followed.
 
 
 4
 The district court properly applied the Sec. 10(b) statute of limitations to the plaintiff's action. Del Costello v. International Brotherhood of Teamsters, 462 U.S. 151 (1983); Smith v. General Motors Corp., 747 F.2d 372 (6th Cir. 1984) (en banc). The only issue remaining on appeal is whether the running of the statute was tolled under the facts of this case.
 
 
 5
 The plaintiff asserts the statute did not begin to run until May 10, 1982 when, he alleges, he first received written notice that he had been discharged for violating the Company's policies on absenteeism. The statute begins to run in a hybrid Sec. 301/unfair representation action when the plaintiff discovered or should have discovered the Union's alleged breach of its duty of fair representation. See Metz v. Tootsie Roll Industries, Inc., 715 F.2d 299, 304 (7th Cir. 1983), cert. denied, ---- U.S. ----, 104 S.Ct. 976, 79 L.Ed.2d 214 (1984); Santos v. District Council of New York City, 619 F.2d 963, 969 (2d Cir. 1980). This occurred no later than January 15, 1982 when, according to the plaintiff's deposition, he concluded the Union would not proceed further with the grievance. The fact he did not receive a written reason for his discharge until after that time is irrelevant.
 
 
 6
 The plaintiff also notes he filed (with apparent Union assistance) a charge of racial discrimination with the Equal Employment Opportunity Commission (EEOC) which issued a right-to-sue letter on June 30, 1982. Because the rights afforded an employee under a collective bargaining agreement are independent of those protected under Title VII, the proceedings before the EEOC did not toll the time to file this action. International Union of Electrical, Radio and Machine Workers v. Robbins & Myers, Inc., 429 U.S. 229, 236-40 (1976); Ninham v. Nicolet Paper Co., 583 F.Supp. 1057 (E.D. Wis. 1984).
 
 
 7
 The Court finds no other appellate issues meriting discussion. Judge Wellford concurs but this case further illustrates a basis of his dissent in Smith v. General Motors Corp., 744 F.2d 372 (6th Cir. 1984). Therefore,
 
 
 8
 It is ORDERED that the district court's judgment of August 31, 1983 dismissing the plaintiff's action be and it hereby is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.