**Robert C. SIXEL**

v.

**TRANSPORTATION COMMUNICATIONS,**
etc.

**Civ. No. 4–88–739.**

United States District Court,
D. Minnesota,
Fourth Division.

Jan. 13, 1989.

Robert C. Sixel, Eau Claire, Wis., pro se.

Richard A. Williams, Hvass, Weisman & King, Minneapolis, Minn., and James M. Darby, Asst. Gen. Counsel, Rockville, Md., for defendant.

## ORDER

ROSENBAUM, District Judge.

Plaintiff Robert C. Sixel claims that defendant Transportation Communications International Union (the union) owes him $1,642.84. He bases this claim on his assertion that the union failed to file a grievance in that amount with his former employer. Defendant moves for dismissal pursuant to Rule 12(b), Federal Rules of Civil Procedure (Fed.R.Civ.P.), or, in the alternative, for summary judgment pursuant to Rule 56, Fed.R.Civ.P. Based on the files, records, and proceedings herein, defendant's motion to dismiss is denied and defendant's motion for summary judgment is granted.

### I. *Background*

Plaintiff is a former employee of the Soo Line Railroad Company (Soo Line). Defendant is a union representing employees of Soo Line. Plaintiff worked at the railroad and was an active status member of the union from 1942 until his retirement on June 28, 1985.[1] Plaintiff's resignation followed approximately seven months' leave of absence, initially resulting from a November, 1984, accident, and continuing

---

**1.** Plaintiff continues to be a member of the   union. Affidavit of plaintiff, paragraph 2.

based on a diagnosis of Parkinson's disease, made in May, 1985. Affidavit of plaintiff, paragraphs 2–5.

On May 23, 1985, plaintiff sent a letter to Soo Line requesting payment for 13 days of "sick pay" and three days of personal leave he believed were made available to him on January 1, 1985. *Id.* at paragraphs 6–7, 9. Soo Line refused to compensate plaintiff for the days claimed. *Id.* at paragraph 8.

In response to Soo Line's denial, on August 5, 1985, plaintiff telephoned Mr. James L. LeDuc, chairman of the union's local office. Based upon his understanding of that call, plaintiff states he believed a grievance would be filed with Soo Line. To confirm this discussion, plaintiff sent a follow-up letter to Mr. LeDuc. *Id.* at paragraphs 10 and 11.

According to the union, plaintiff was informed he did not qualify for the claimed benefits under the union's collective bargaining agreement. Neither Mr. LeDuc nor any other representative of the union responded further to plaintiff's initial phone call or subsequent letter. Plaintiff did not attempt to make further contact in person. Plaintiff wrote another letter on January 21, 1986, however, and over the course of two and one half years sent no fewer than six letters to the union inquiring as to the status of his claim.[2] Defendant made no response to any of plaintiff's correspondence regarding the claim.[3] Finally, on July 1, 1988, plaintiff telephoned Mr. LeDuc. He was informed that the union did not file a grievance with Soo Line. Affidavit of LeDuc, paragraphs 3, 12, and 13.

Plaintiff filed suit in Hennepin County Conciliation Court on July 5, 1988, and defendant properly removed to this Court on August 24, 1988. Defendant brings these motions arguing that plaintiff's claim is barred by the Railway Labor Act's, 45 U.S.C. § 151, *et seq.*, six month statute of limitation.

## II. *Jurisdiction*

The Railway Labor Act, 45 U.S.C. § 151, *et seq.*, addresses the duties of employee representatives and encompasses claims of unfair representation. 45 U.S.C. § 152. This Court may exercise jurisdiction over disputes between employees and their union pursuant to the Act. 45 U.S.C. § 153(1)(i); *Glover v. St. Louis–San Francisco Railway Co.*, 393 U.S. 324, 328, 89 S.Ct. 548, 550, 21 L.Ed.2d 519 (1969); *Tunstall v. Brotherhood of Locomotive Firemen and Enginemen*, 323 U.S. 210, 213, 65 S.Ct. 235, 237, 89 L.Ed. 187 (1944).

## III. *Discussion*

### A. 12(b) Dismissal

In considering a motion to dismiss under Rule 12(b), Fed.R.Civ.P., this Court must accept plaintiff's factual allegations as true. The complaint must be viewed in the light most favorable to plaintiff and should not be dismissed simply on the basis that the Court doubts that plaintiff will be able to prove all of the necessary factual allegations. A dismissal pursuant to Rule 12(b), Fed.R.Civ.P., should be granted only if plaintiff includes allegations which demonstrate on the face of the complaint that there is an insurmountable obstacle to relief. *Fusco v. Xerox Corp.*, 676 F.2d 332, 334 (8th Cir.1982) (*quoting Jackson Sawmill Co., Inc. v. United States*, 580 F.2d 302, 306 (8th Cir.1978), *cert. denied*, 439 U.S. 1070, 99 S.Ct. 839, 59 L.Ed.2d 35 (1979)). Under Rule 12(b), Fed.R.Civ.P., a court may dismiss a complaint only if it is clear that no relief could be granted on any set of facts which could be proven consistent with the allegations. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984).

Plaintiff's *pro se* complaint, brought in Hennepin County Conciliation Court, al-

---

2. Plaintiff's letters are dated January 21, 1986; May 4, 1986; October 22, 1986; January 14, 1987; July 25, 1987; August 5, 1987; and January 30, 1987. Affidavit of plaintiff, paragraph 12 and accompanying exhibits.

3. Plaintiff received two notices from the union that his letters had been forwarded to Mr. LeDuc. Affidavit of plaintiff, paragraph 12.

leged defendant improperly represented his interests in a dispute with his former employer. This is a specific allegation of a violation of defendant's duty of fair representation. If proven, such facts could warrant relief. As such, the Court finds plaintiff's complaint sufficient to withstand a Rule 12(b) challenge.

### B. Rule 56 Summary Judgment

#### 1. Summary Judgment Standards

Defendant's motion for summary judgment must be analyzed in light of a number of well-settled guidelines. Summary judgment is appropriate if there is no genuine issue as to any material fact in the case and the moving party is entitled to judgment as a matter of law. Rule 56(c), Fed. R.Civ.P.; *Umpleby v. United States,* 806 F.2d 812, 814 (8th Cir.1986); *Buford v. Tremayne,* 747 F.2d 445, 447 (8th Cir.1984); *see Haas v. Weiner,* 765 F.2d 123, 124 (8th Cir.1984), *cert. denied,* 474 U.S. 981, 106 S.Ct. 386, 88 L.Ed.2d 338 (1985). Summary judgment may be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to its case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986).

#### 2. The Six Month Limitation

■ A suit by an employee alleging a violation of a union's duty of fair representation is subject to a six month limitation. In *DelCostello v. Int'l Brotherhood of Teamsters,* the Supreme Court held that the six month limitation period of § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b), applied in suits by employees claiming breach of fair representation pursuant to the Labor Management Relations Act, 29 U.S.C. § 185. *DelCostello v. Int'l Brotherhood of Teamsters,* 462 U.S. 151, 172, 103 S.Ct. 2281, 2294, 76 L.Ed.2d 476 (1983). This six month period has been held applicable to claims of unfair representation pursuant to the Railway Labor Act. *West v. Conrail,* 481 U.S. 35, 38 n.

2, 107 S.Ct. 1538, 1541 n. 2, 95 L.Ed.2d 32 (1987); *see Hunt v. Missouri Pacific Railroad,* 729 F.2d 578, 581 (8th Cir.1984).

■ A union's duty of fair representation, pursuant to the Railway Labor Act, is identical to its duty pursuant to the National Labor Relations Act. *Brock v. Republic Airlines, Inc.,* 776 F.2d 523, 525 (5th Cir. 1985). As such, guidelines pertaining to the commencement of the six-month period for bringing an action pursuant to the National Labor Relations Act or Labor Management Relations Act are equally applicable to the Railway Labor Act. *See West,* 481 U.S. at 38–39, 107 S.Ct. at 1541; *Triplett v. BRAC,* 801 F.2d 700, 702 (4th Cir.1986); *United Independent Flight Officers v. United Air Lines, Inc.,* 756 F.2d 1262, 1270 (7th Cir.1985); *Welyczko v. U.S. Air, Inc.,* 733 F.2d 239, 240–41 (2d Cir.) *cert. denied,* 469 U.S. 1036, 105 S.Ct. 512, 83 L.Ed.2d 402 (1984); *Sisco v. Consolidated Rail Corp.,* 732 F.2d 1188, 1192 (3d Cir.1984); *Hunt,* 729 F.2d at 581.

■ This six month limitation period begins when the employee knows or should have known that the union allegedly breached its duty of fair representation. *Shapiro v. Cook United, Inc.,* 762 F.2d 49, 51 (6th Cir.1985); *Metz v. Tootsie Roll Indus., Inc.,* 715 F.2d 299, 304 (7th Cir.1983), *cert. denied,* 464 U.S. 1070, 104 S.Ct. 976, 79 L.Ed.2d 214 (1984); *Amcar Division, ACF Indus., Inc. v. NLRB,* 592 F.2d 422, 430 (8th Cir.1979); *Dukes v. Local 7–765, Oil, Chemical & Atomic Workers Int'l Union,* 609 F.Supp. 980, 982 (N.D.Ill.1985); *Ninham v. Nicolet Paper Co.,* 583 F.Supp. 1057, 1059 (7th Cir.1984). It is further established that an employee must exercise reasonable diligence in determining whether the union has failed to meet its duty of fair representation. *Metz,* 715 F.2d at 304; *Dukes,* 609 F.Supp. at 982.

■ A union whose alleged unfair representation arises solely out of inaction— such as failure to further a grievance— does not thereby commit an ongoing violation of its duty; the six month period commences when the union initially decides against action. *Metz,* 715 F.2d at 305–306; *Engelhardt v. Consolidated Rail Corp.,* 594 F.Supp. 1157, 1171 (N.D.N.Y.1984),

*aff'd,* 756 F.2d 1368 (2d Cir.1985); *Ninham,* 583 F.Supp. at 1059. This rule is consistent with the strong federal policy favoring prompt and final resolution of labor disputes. *United Parcel Service, Inc. v. Mitchell,* 451 U.S. 56, 63, 101 S.Ct. 1559, 1564, 67 L.Ed.2d 732 (1981); *Metz,* 715 F.2d at 304.

Plaintiff's initial inquiry to the union occurred on August 5, 1985. He spoke by phone with Mr. LeDuc and expressed his concerns regarding the pay for sick days and personal leave. Although defendant disputes this point, the Court, for the purposes of this motion, accepts plaintiff's statement that he believed the union would follow up this communication and file a grievance with Soo Line. The union clearly did not file any grievance.

Plaintiff's letter of January 21, 1986, was sent five and one half months after the initial inquiry. In that letter plaintiff stated he had heard nothing about his claim and indicated his concern about the status of his grievance. The union made no response. Plaintiff thereafter made no follow-up, either by letter or by phone, for an additional four full months. On May 21, 1986, he wrote another letter. This communication was followed by a series of letters approximately five months apart. Plaintiff finally called the union on July 1, 1988, and spoke to Mr. LeDuc personally. Mr. LeDuc informed plaintiff that no grievance had ever been filed.

Although plaintiff did not formally learn of the union's failure to grieve until July 1, 1988, it is clear that he knew of the union's inactivity within a few months of his initial phone conversation and confirming letter. Five and one half months after this initial inquiry he complained that he had heard nothing.

Plaintiff's cause of action accrued when the union chose not to pursue the claim. This decision may have been made on August 5, 1985, or shortly thereafter. Even knowing in January, 1986, that he had heard nothing, plaintiff made no active investigation of the union's actions (or lack thereof) until Summer, 1988. As plaintiff learned, too late, a phone call would have revealed that his claim had become stagnant. Plaintiff's neglect of his own duty of reasonable inquiry leads this Court to hold that his claim falls well after the six month limit which began on or around August 5, 1985.[4] *Compare Dement v. Richmond, Fredericksburg & Potomac Railroad Co.,* 845 F.2d 451, 456, 462 n. 19 (4th Cir.1988) (plaintiff satisfied reasonable diligence by keeping in "constant touch" with the union), with *Dukes,* 609 F.Supp. at 982 (reasonably diligent employee would have inquired within six months rather than waiting for eighteen months before contacting union).

A contrary result would postpone indefinitely the running of the six month limitation period. *Wilcoxen v. Kroger Food Stores,* 723 F.2d 626, 627 (8th Cir.1983); *Metz,* 715 F.2d at 304. Were the Court to find the six month period started only upon actual notification to plaintiff, the claim could conceivably be kept alive forever by the mailing of an endless series of letters. Congress has defined the six month limitation in order to foster certainty and finality into the relationship between a union and its members. This expression of policy by Congress is clear.

There being no unresolved issues of material fact between the parties, summary judgment is granted in favor of defendant.

## IV. *Order*

For the reasons stated herein, and based on the files, records, and proceedings herein, IT IS ORDERED that:

1. Defendant's motion to dismiss is denied.

2. Defendant's motion for summary judgment is granted.

---

**4.** The Court notes that the union's only alleged violation was inactivity regarding the grievance. The decision not to process the grievance, therefore, was the sole act constituting an alleged violation. *See Belic v. General Motors Corp.,* 588 F.Supp. 633, 636–37 (S.D.Ohio 1984) (union continually failed to process grievances, so more than one act constituted a breach of duty).