REQUESTED BY: Lawrence Myers, Executive Director, Nebraska Equal Opportunity Commission
Does the Nebraska Equal Opportunity Commission (NEOC) have jurisdiction under the Nebraska Fair Employment Practice Act over a city which provides nominal compensation to members of a volunteer fire department?
No.
In the case of City of Fort Calhoun v. Collins,243 Neb. 528 (1993), the Nebraska Supreme Court held that volunteers who receive no direct or indirect financial benefit, fringe benefits, or reimbursements for expenses and who contribute assistance on a purely voluntary basis are not employees within the meaning of Title VII of the Civil Rights Act of 1964. Civil Rights Act of 1964, § 701(b),42 U.S.C.A. § 2000e(b).
There are no Nebraska cases directly on point regarding volunteer compensation and at what point a volunteer is considered an employee for the purposes of Nebraska Equal Opportunity Commission NEOC jurisdiction. However, it is appropriate to examine federal case law under Title VII to glean a proper interpretation of the Nebraska Fair Employment Practice Act the "Act". See Airport Inn v. Nebraska Equal Opportunity Commission, 217 Neb. 852 (1984).
In Tadros v. Coleman, 717 F. Supp. 996, 1004 (S.D.N Y 1989), the United States District Court for the Southern District of New York held that a volunteer is not an employee and thus cannot maintain an action under Title VII because "a Title VII plaintiff is only an `employee' if the defendant both pays him and controls his work."
In the present case, the City of Wisner pays the volunteers of the rescue squad a nominal amount every time they make a call. This payment is made pursuant to Ordinance No. 615. Payment to these volunteers is dependent on how many calls they answer as well as the nature of the calls and how many members participate in each call. It is important to note that only the rescue squad receives the payment. The fact that these volunteers receive remuneration is significant but not controlling or dispositive of the issue of whether they are employees. No one factor is determinative.
In the case of Hall v. Delaware Council on Crime and Justice, 708 F. Supp. 241 (D. Del. 1992), the court held that even if volunteers at a nonprofit organization receive reimbursements for certain expenses and free admittance to an annual luncheon, such compensation was not significant enough to raise volunteers to the status of "employees" for purposes of determining whether the organization had the requisite number of employees to qualify as a employer under Title VII. In this case, it may be argued that the payment is merely reimbursement of expenses and not sufficient to constitute compensation significant enough to raise a volunteer to the status of an employee. Therefore, we must look at other factors.
In the case of Beverly v. Douglas, 591 F. Supp. 1321
(S.D.N.Y. 1984), the court stated that the determination of whether an individual is an employee for the purposes of Title VII requires an analysis of the "economic realties" of the situation "viewed in light of the common law principles of agency and the right of the employer to control the employee." The extent of the employer's right to control the "means and manner of the worker's performance is the most important factor." Sprides v. Reinhardt, 613 F.2d 826, 831
(D.C. Cir. 1979). The Sprides court remanded the case for consideration of such issues as whether the plaintiff was given annual leave, whether the defendant paid social security taxes for her, and whether she received retirement benefits.
The D.C. Circuit has indicated that other factors to be considered include:
 1. the kind of occupation, with reference to whether the work usually is done under the direction of a supervisor or is done by a specialist without supervision;
2. the skill required in the particular occupation;
 3. whether the employer or individual in question furnishes the equipment used and the place of work;
 4. the length of time during which the individual has worked;
 5. the method of payment, whether by time or by the job;
 6. the manner in which the work relationship is terminated, i.e., by one or both parties, with or without notice and explanation;
7. whether annual leave is afforded;
 8. whether the work is an integral part of the business of the employer;
9. whether the worker accumulates retirement benefits;
 10. whether the employer pays social security taxes; and
11. the intention of the parties.
In a case dealing with entitlement to social security retirement benefits, the Puerto Rico Circuit held that payment of a sum of money alone does not establish an employer-employee relationship; that depends upon the common-law rules, including the employer's right to discharge the employee and to control the work and activities of the employee. Valez v. Secretary of Health Ed. and Welfare,608 F.2d 21 (C.A. Puerto Rico 1979).
In the present case, only social security and medicare taxes are withheld from a volunteer's compensation. No other taxes are withheld. The volunteers are not selected, controlled, trained or terminated by the City of Wisner. According to the Constitution of the Wisner Fire Department, the City of Wisner does not control the volunteers or their availability to serve. The volunteers do not receive the normal and customary benefits provided to governmental employees. So, the volunteers are not susceptible to the discriminatory practices which the Act was designed to eliminate.
Reading the term "employee" in light of the mischief to be corrected and the end to be attained, I conclude that the volunteers of the Wisner Fire Department are not employees within the meaning of the Act.
Sincerely yours,
DON STENBERG Attorney General
Alfonza Whitaker Assistant Attorney General FAX (402) 471-3591
Approved: ____________________________ Attorney General 29-334-5.