John W. BROCK, Plaintiff-Appellant,

v.

REPUBLIC AIRLINES, INC. and the Air Line Pilots Association, International, Defendants-Appellees.

Nos. 84–3604, 84–3762.

United States Court of Appeals, Fifth Circuit.

Nov. 13, 1985.

R. Neal Wilkinson, Baton Rouge, La., for plaintiff-appellant.

Kullman, Inman, Bee & Downing, Elmer E. White, III, Clyde H. Jacob, III, Steven R. Blackburn, New Orleans, La., for Republic Airlines, Inc.

Robert A. McCullough, Air Line Pilots Assoc., Gary Green, Washington, D.C., Dennis M. Angelico, New Orleans, La., for Air Line Pilots Assoc.

Before CLARK, Chief Judge, POLITZ and JONES, Circuit Judges.

CLARK, Chief Judge.

Appellant filed suit under the Railway Labor Act against his employer and his collective bargaining agent, alleging a breach of contract by the employer, a breach of its duty of fair representation by the union, and conspiracy between the defendants to deprive him of benefits due under the collective bargaining agreement. He now appeals the district court's determination that his suit was untimely and the grant of summary judgment for both defendants. We hold that the district court correctly applied a six-month statute of limitations borrowed from section 10(b) of the National Labor Relations Act to appellant's hybrid claim of breach of duty of fair representation and breach of contract. We vacate and remand the action, however, on the ground that summary judgment was improper because a genuine issue of material fact existed concerning appellant's charge that the employer and the union conspired to deny him a fair hearing before the arbitration board. The borrowed six-month statute of limitations does not encompass allegations of fraud or corruption.

I

Appellant John W. Brock retired from his employment as a pilot for Republic Airlines, Inc. (Republic) on September 12, 1981. Republic is an interstate commercial airline subject to the Railway Labor Act. The authorized and exclusive collective bargaining representative for all Republic pilots is the Air Line Pilots Association, International (the Association).

Brock was a nonunion employee in a management position with Southern Airways, Inc. (Southern) at its New Orleans base in 1960 when Southern employees participated in a strike in conjunction with the Association. He was demoted as a result of the 1962 strike settlement. Two years before Brock's retirement in 1981, Southern merged with several other airlines to form Republic Airlines, Inc.

Republic closed its New Orleans base in the late spring of 1981. Pursuant to the collective bargaining agreement between Republic and the Association, Brock accepted a transfer to Republic's base in Memphis, Tennessee, and Republic purchased his home in Metairie, Louisiana on May 5, 1981. Republic claims it sustained a loss of $17,925.50 on this transaction.

Brock flew out of the Memphis base until his retirement in September of that same year. Brock claims he resided in Memphis during this four-month period. Republic maintains that he lived in a cottage he owned in Hammond, Louisiana, and that he began construction of a permanent retirement residence in the New Orleans area during this time.

Republic sought reimbursement from Brock of the $17,925.50 expenditure on the grounds that he had not relocated his residence in Memphis. When he did not pay, Republic deducted that amount from his final paycheck. Brock filed suit in Louisiana Civil District Court, claiming that Republic had wrongfully denied his benefits under the collective bargaining agreement between Republic and the Association. At Republic's request, the case was removed to the United States District Court for the Eastern District of Louisiana. That court granted summary judgment for Republic because Brock failed to exhaust his administrative remedies under the collective bargaining agreement before filing suit.

Brock then filed a grievance against Republic pursuant to the collective bargaining agreement. The Association did not assist Brock in prosecuting the grievance. Republic denied the grievance and Brock requested arbitration before the Republic Airlines Pilots System Board of Adjustment (the System Board). The System Board conducted a hearing on February 16, 1983. The parties disagree as to whether this System Board was composed of two company members and two union members as the collective bargaining agreement requires. Republic did not put on any evidence at this hearing. Brock appeared as his own representative, although a griev-

ance representative from the Association attended the hearing with him. After Brock's presentation of the case, evidence and testimony, the System Board announced its decision rejecting the grievance. It issued a written statement to that effect on February 17, 1983. Brock wrote to each member of the System Board requesting a written explanation for the judgment. The Board members did not provide the requested explanations.

On September 9, 1983, Brock filed suit in federal district court against Republic and the Association under the Railway Labor Act, seeking compensatory and punitive damages. He claimed that the Association violated its duty to represent him fairly, that Republic denied his contractual rights, and that the two defendants conspired to deprive him of his benefits under the collective bargaining agreement. Brock contended that during his tenure with Southern he was always a "company man" and was roundly despised as a "scab" by the Association. He further contended that the merger into Republic left him in disfavor with management. Brock filed this action less than five months after he received a reply from one of the System Board members refusing to comply with his request for a written explanation of the Board's decision, but more than six months after the arbitration hearing.

Both defendants filed motions for summary judgment on the ground that Brock's hybrid claim combining allegations of breach of contract and violation of the duty of fair representation was barred by a six-month statute of limitations. The district court initially denied these motions, but ultimately granted the defendants' subsequent motions for reconsideration and summary judgment, and dismissed Brock's suit as untimely.

## II

The Railway Labor Act and the National Labor Relations Act impose a duty on unions that have the exclusive power to bargain for a group of employees to represent all members of that group fairly. *Sis-*

*co v. Consolidated Rail Corp.*, 732 F.2d 1188, 1191–92 (3d Cir.1984) (Supreme Court established the duty under the Railway Labor Act first and then extended it to the National Labor Relations Act) (citations omitted). A hybrid action brought by an employee involves joint claims of breach of this duty of fair representation against the union and breach of contract against the employer. Neither the Railway Labor Act nor the National Labor Relations Act contains a statute of limitations expressly applicable to such hybrid claims. The United States Supreme Court has held, however, that the six-month limitations period in § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b), controls hybrid actions brought under provisions of the National Labor Relations Act and the Labor Management Relations Act. *DelCostello v. International Brotherhood of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 2287–94, 76 L.Ed.2d 476 (1983).

In *DelCostello,* the Court refused to borrow an analogous state statute because federal policies were at stake and because federal law provided an even more analogous limitations period. *Id.,* 103 S.Ct. at 2294. The Court reasoned that hybrid actions and actions under § 10(b) seeking relief from unfair labor practices require the assertion of similar rights and a similar balancing of interests. In both types of cases, "the proper balance between the national interests in stable bargaining relationships and finality of private settlements, and an employee's interest in setting aside what he views as an unjust settlement under the collective-bargaining system" is at issue. *Id. (quoting United Parcel Service v. Mitchell,* 451 U.S. 56, 70, 101 S.Ct. 1559, 1567, 67 L.Ed.2d 732 (1981)).

Because the duty of fair representation under the Railway Labor Act is identical to the duty of fair representation under the National Labor Relations Act, and because the federal policies and interests articulated in *DelCostello* are present in hybrid actions under the Railway Labor Act, six circuit courts have ruled that the six-month statute of limitations in § 10(b) of the Na-

tional Labor Relations Act also controls duty of fair representation claims and hybrid actions brought under the Railway Labor Act. *See Ranieri v. United Transp. Union,* 743 F.2d 598 (7th Cir.1984) (action against union for breach of duty of fair representation); *Barnett v. United Air Lines, Inc.,* 738 F.2d 358 (10th Cir.) (hybrid suit) (opinion on rehearing), *cert. denied,* —— U.S. ——, 105 S.Ct. 594, 83 L.Ed.2d 703 (1984); *Welyczko v. U.S. Air, Inc.,* 733 F.2d 239 (2d Cir.) (hybrid suit), *cert. denied,* —— U.S. ——, 105 S.Ct. 512, 83 L.Ed.2d 402 (1984); *Sisco,* 732 F.2d at 1191–94 (hybrid suit, but statute of limitations ruling only on breach of duty of fair representation claim against the union); *Hunt v. Missouri Pacific R.R.,* 729 F.2d 578 (8th Cir.1984) (hybrid suit, but statute of limitations ruling only on breach of duty of fair representation claim against the union); *see also Triplett v. Local 308, Brotherhood of Railway, Airline and Steamship Clerks,* 763 F.2d 625 (4th Cir.1985) (holding *DelCostello* governs a hybrid suit brought under the Railway Labor Act, but refusing to apply it retroactively); *Linder v. Berge,* 739 F.2d 686 (1st Cir.1984) (hybrid suit holding a federal statute of limitations applies, but not choosing between six-month limitations period in § 10(b) of National Labor Relations Act and two-year period in Railway Labor Act).

### III

We agree that under the reasoning of *DelCostello,* the six-month statute of limitations in § 10(b) of the National Labor Relations Act controls hybrid actions brought under the Railway Labor Act. Hybrid claims under either act originate from an identical implied duty of fair representation and involve a similar balancing of competing interests.

The two-year limitations period provided for in 45 U.S.C. § 153 (First) (r) of the Railway Labor Act does not control this claim, as appellant contends. That section provides for an action to enforce or review awards by the National Railroad Adjustment Board. The limitations period expressly applies only to "actions at law based upon the provisions of this section." 45 U.S.C. § 153 (First) (r). It does not encompass actions for breach of a union's duty of fair representation, for which § 153 does not expressly provide. *See Ranieri,* 743 F.2d at 600; *Sisco,* 732 F.2d at 1193–94.

The six-month statute of limitations bars Brock's suit insofar as it presents a hybrid claim of breach of duty of fair representation and breach of contract. Such a suit must be filed within six months of the System Board's decision. *Barnett,* 738 F.2d at 364 (citing *Butler v. Local 823, International Brotherhood of Teamsters,* 514 F.2d 442, 449–50 (8th Cir.), *cert. denied,* 423 U.S. 924, 96 S.Ct. 265, 46 L.Ed.2d 249 (1975)). The System Board rendered an oral decision on Brock's grievance on February 16, 1983, and a written affirmance the next day. Brock filed his suit in federal district court on September 9, 1983, more than six months later. His hybrid claim, therefore, was barred by the running of the applicable statute of limitations.

### IV

■ This six-month limitations period does not apply, however, to Brock's claims that are based on allegations of fraud and corruption. Section 153 of the Railway Labor Act gives a federal district court limited authority to set aside an award of a division of the National Railroad Adjustment Board. *Union Pacific R.R. Co. v. Sheehan,* 439 U.S. 89, 93, 99 S.Ct. 399, 401, 58 L.Ed.2d 354 (1978) (limiting court's authority to set aside Adjustment Board orders to the three grounds articulated in the statute); 45 U.S.C. § 153 (First) (p), (q). One ground for which the statute authorizes such action is "fraud or corruption by a member of the division making the order." 45 U.S.C. § 153 (First) (p). An action based on allegations of fraud or corruption is "based upon the provisions of [§ 153]" and is controlled by the two-year limitations period set forth in the Railway Labor Act, 45 U.S.C. § 153 (First) (r).

## V

In reviewing the district court's grant of summary judgment, we must view the evidence in the light most favorable to the opponent of the motion, determine whether any genuine issue of material fact exists, and whether the movant is entitled to judgment as a matter of law. *Prinzi v. Keydril Co.*, 738 F.2d 707, 709 (5th Cir. 1984); *McPherson v. Rankin*, 736 F.2d 175, 177–78 (5th Cir.1984); Fed.R.Civ.P. 56(c). "If there is a genuine issue of material fact which would cause a dispute to reasonably be resolved in favor of the party resisting the summary judgment, the summary judgment cannot stand." *McPherson*, 736 F.2d at 178 (citation omitted).

Brock's complaint claims that the Association and Republic "conspired and colluded" to wrongfully deprive him of his benefits and due process rights under the collective bargaining agreement. All of the documents that he filed in opposition to the defendants' motions for summary judgment assert conspiracy and collusion between the defendants to deny his rights as a distinct basis of the claims he advanced. Defendants' motions for summary judgment and supporting documents contend that Brock failed to properly allege fraud and corruption, without further elaboration. The district judge could not have determined whether Brock's fraud claims were valid on the basis of the summary judgment papers.

The two-year statute of limitations applicable to Brock's claims of fraud and corruption had not run when he filed his complaint. A genuine issue of material fact existed as to whether Republic and the Association conspired to deprive Brock of benefits under the collective bargaining agreement. The grant of summary judgment on these claims was improper under the record as developed in the district court.

Insofar as the summary judgment was based on appellant's hybrid claim, it is affirmed. Insofar as it granted judgment on appellant's claim of fraud, however, it is vacated and remanded for further proceedings.

AFFIRMED in part and, in part, VACATED and REMANDED.