David Llewellyn COYLE,
Plaintiff–Appellant,

v.

BROTHERHOOD OF RAILWAY, AIRLINE AND STEAMSHIP CLERKS, FREIGHT HANDLERS, EXPRESS AND STATION EMPLOYEES, Defendant–Appellee.

No. 86–2901
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

March 9, 1988.

Rehearing Denied April 29, 1988.

David L. Coyle, pro se.

Joseph Guerrieri, Jr., Guerrieri & Sweeney, P.C., Washington, D.C., for defendant-appellee.

Before RUBIN, GARWOOD, and JONES, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

A former member of a railroad employees' union was discharged by the railroad allegedly for failure to pay his union dues as the shop agreement required. He sued the union for damages, contending that he was delinquent in paying dues for only a single month, that he could properly be discharged only if he failed to pay dues for two months, and that the union therefore violated both the shop agreement and the Railway Labor Act by causing him to be discharged. The district court dismissed the suit as time barred, applying a six-month statute of limitations. We affirm the judgment, although we find the applicability of the six-month statute of limitations to rest on a basis different from the authority on which the district court relied.

David L. Coyle was employed as a clerk by the Southern Pacific Railroad. The Brotherhood of Railway, Airline and Steamship Clerks, Freight Handlers, Express and Station Employees is the exclusive bargaining representative for Southern Pacific craft and clerical employees. The shop agreement between the Brotherhood and Southern Pacific provides for a union shop, requiring that all Southern Pacific craft and clerical employees shall "as a condition of their continued employment" become members of and maintain member-

ship in the Brotherhood. The shop agreement also provides that union membership may be terminated for failure "to tender the periodic dues, initiation fees, and assessments ... uniformly required as a condition of acquiring or retaining membership."

The Brotherhood advised Southern Pacific that Coyle's union membership had been suspended for failure to pay required dues and fees. Consequently, Southern Pacific discharged him on December 30, 1983, for failure to maintain membership in the Brotherhood as required by the shop agreement.

Two days less than one year later, Coyle filed suit alleging that the termination of his union membership and the resultant termination of his employment violated the Railway Labor Act[1] and the shop agreement. He asserted that the Brotherhood had miscalculated the amount of dues in arrears and that he owed only one month's dues, which was not sufficient for termination of union membership under the union's constitution and rules. He contended that the Brotherhood had thus violated § 2, Eleventh (a) of the Railway Labor Act,[2] which provides that an employee may be terminated for failure to maintain union membership only when he has failed to tender the dues or fees required to maintain membership. The Brotherhood moved for dismissal of Coyle's claim because of his failure to file suit within the period fixed by the statute of limitations and his failure to exhaust statutory arbitration remedies and internal union remedies.

The district court held Coyle's action barred by the six-month statute of limitations of § 10(b) of the National Labor Relations Act,[3] which the Supreme Court in *DelCostello v. International Brotherhood of Teamsters*[4] applied to a hybrid action for breach of a collective bargaining agreement under § 301 of the Labor Management Relations Act[5] and breach of the duty of fair representation. It also held that Coyle had failed to exhaust the mandatory arbitration remedies of the shop agreement as required by § 3 of the Railway Labor Act and that he had failed to pursue remedies provided under the collective bargaining agreement.

The nature of Coyle's cause of action determines what statute of limitations applies. If it is for unfair representation, it is barred by the six-month statute of limitations applied in *DelCostello*, even though it arises under the Railway Labor Act rather than § 301.[6] Seeking to avoid this barrier, Coyle contends that his claim is instead predicated on breach of contract by the union, rather than on unfair representation of him before his employer. The Supreme Court in *Steele v. Louisville & N.R. Co.*[7] held that the Railway Labor Act imposes an implicit duty on a union to represent employees fairly in dealings with the employer. Coyle contends, however, that he makes no such claim, but that his dispute is entirely with the union. Indeed, he does not seek relief of any kind from his former employer.

Coyle's predicate is correct. In *Amalgamated Association of Street, Electric Railway and Motor Coach Employees of America v. Lockridge,*[8] a union member was dismissed by his employer, pursuant to a union shop agreement, after the union had notified the employer that the member was in arrears on his union dues. The member brought suit against the union for damages, alleging that the union had miscalculated the amount of the dues owed. He did not join the employer as a defendant or seek any relief from the employer. The Supreme Court stated that the suit did not

1. 45 U.S.C. §§ 151–188 (1982).

2. 45 U.S.C. § 152, Eleventh (a).

3. 29 U.S.C. § 160(b) (1982).

4. 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983).

5. 29 U.S.C. § 185.

6. *See Brock v. Republic Airlines, Inc.,* 776 F.2d 523, 525–26 (5th Cir.1985).

7. 323 U.S. 192, 202–03, 65 S.Ct. 226, 232, 89 L.Ed. 173 (1944).

8. 403 U.S. 274, 91 S.Ct. 1909, 29 L.Ed.2d 473 (1971).

assert a claim under § 301, because the plaintiff was not seeking redress from the former employer and had charged the union only with breach of its constitution, not with arbitrary or bad-faith conduct.[9] The claim instead charged in reality an unfair labor practice under § 8(b)(2) of the National Labor Relations Act (NLRA),[10] a matter in the exclusive jurisdiction of the National Labor Relations Board.[11]

*Lockridge* is not directly applicable, because the National Labor Relations Act does not apply to employees who are subject to the Railway Labor Act.[12] Nonetheless, the *Lockridge* rationale applies here. Coyle's allegations parallel those made in *Lockridge*. He has sought no relief from his employer, and although he has alleged that the union acted maliciously, his fundamental claim, like that in *Lockridge*, is that the Brotherhood breached its constitution and rules in terminating his membership. Coyle, therefore, has alleged a particular statutory violation rather than a breach of the implicit duty of fair representation.

Although this court has not yet ruled on the question, three other circuits have held that Congress intended to create a cause of action against unions under § 2, Eleventh for violation of that section's provision that an employee may not be fired because of a denial or termination of union membership if membership was denied or terminated "for any reason other than the failure of the employee to tender the periodic dues, initiation fees, and assessments (not including fines and penalties) uniformly required as a condition of acquiring or retaining membership."[13] We adopt the reasoning of these circuits in concluding that this suit

charges a statutory violation, not a breach of the duty of fair representation.

We conclude, nevertheless, that the six-month statute of limitations applied in *DelCostello* governs Coyle's claim, albeit for a different reason. Although § 2, Eleventh (a) of the Railway Labor Act[14] does not provide a statute of limitations, this does not mean that a statutory-violation claim endures forever. In *DelCostello*, the Court determined that some statute of limitations governed claims of unfair representation, but it refused to borrow an analogous state statute because federal policies were at stake and because federal law provided an even more analogous limitation period.[15]

By a like process, we conclude that Coyle's claim under § 2, Eleventh of the Railway Labor Act is analogous to an unfair labor practice claim under § 8(b)(2) of the NLRA, which is also governed by the six-month statute of limitations set forth in § 10(b) of that Act.[16] As we explained above, *Lockridge* itself characterized a claim parallel to Coyle's as being governed by § 8(b)(2). The Railway Labor Act and National Labor Relations Act provisions are virtually identical: the NLRA states that no union shall cause an employer to "discriminate against an employee with respect to whom membership in such organization has been denied or terminated on some ground other than his failure to tender the periodic dues and the initiation fees uniformly required as a condition of acquiring or retaining membership."[17] As was the case with the limitation period borrowed in *DelCostello*, the NLRA provision, § 8(b)(2), whose limitation period we borrow to govern this dispute is designed to accommodate the very balance of inter-

---

**9.** *Id.* at 298–300, 91 S.Ct. at 1924–25.

**10.** 29 U.S.C. § 158(b)(2).

**11.** 403 U.S. at 284–85, 91 S.Ct. at 1917.

**12.** *See* 29 U.S.C. § 152(3).

**13.** 45 U.S.C. § 152, Eleventh (a); *see Klemens v. Air Lines Pilots Association, International,* 736 F.2d 491, 496 (9th Cir.), *cert. denied,* 469 U.S. 1019, 105 S.Ct. 435, 83 L.Ed.2d 362 (1984); *Bagnall v. Air Lines Pilots Association, International,*

626 F.2d 336 (4th Cir.1980), *cert. denied,* 449 U.S. 1125, 101 S.Ct. 943, 67 L.Ed.2d 112 (1981); *Brady v. Trans World Airlines, Inc.,* 401 F.2d 87, 102 (3d Cir.1968), *cert. denied,* 393 U.S. 1048, 89 S.Ct. 684, 21 L.Ed.2d 691 (1969).

**14.** 45 U.S.C. § 152.

**15.** 462 U.S. at 167–71, 103 S.Ct. at 2292–94.

**16.** 29 U.S.C. § 160(b).

**17.** 29 U.S.C. § 158(b)(2).

ests at stake here.[18] We therefore borrow it rather than the four-year state statute of limitations [19] Coyle asks us to apply.

Because the six-month statute of limitations governing § 8(b)(2) claims is the closest analogous provision, we adopt it as applicable to Coyle's claim under § 2, Eleventh (a) of the Railway Labor Act. The district court did indeed apply the correct statute of limitations. We therefore AFFIRM its judgment dismissing the suit without addressing the other issues.

18. *See DelCostello,* 462 U.S. at 169, 91 S.Ct. at 2293; *Brock,* 776 F.2d at 525–56.

19. Vernon's Tex.Civ.Stat.Ann. art. 5529.