Steven PATTERSON and Edward T. Broadwell, Plaintiffs,

v.

ALASKA AIRLINES, INC. and International Association of Machinists and Aerospace Workers, AFL–CIO, District Lodge 143, Defendants.

No. C89–1621R.

United States District Court,
W.D. Washington,
at Seattle.

May 17, 1990.

Jan Elizabeth Brucker, Seattle, Wash., for plaintiffs.

Valerie Leita Hughes, Bellevue, Wash., David Charles Campbell, Seattle, Wash., for defendants.

ORDER GRANTING DEFENDANTS' MO-
TION FOR SUMMARY JUDGMENT
WITH SANCTIONS AND DENYING
PLAINTIFFS' MOTIONS TO AMEND
COMPLAINT AND FOR VOLUN-
TARY DISMISSAL

ROTHSTEIN, Chief Judge.

THIS MATTER comes before the court on a motion by defendants for summary judgment and sanctions as well as motions by plaintiffs to amend their complaint and for voluntary dismissal of their lawsuit. Having reviewed the motions together with all documents filed in support and in opposition, and being fully advised, the court finds and rules as follows:

This case involves a so-called hybrid action in which plaintiffs Steven Patterson and Edward Broadwell allege both a breach of contract by their employer, defendant Alaska Airlines, Inc., and a breach of the duty of fair representation by their union, defendant International Association of Machinists and Aerospace Workers, AFL–CIO, District Lodge 143 ("the union").

Plaintiffs filed their lawsuit on September 8, 1989. Apparently prompted by a letter from the union regarding the running of the applicable statute of limitations, plaintiffs moved to amend their complaint to add conspiracy claims which they argued were not governed by the six-month limitations period set forth in *Del Costello v. International Brotherhood of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). Defendants Alaska Airlines and the union then brought a motion for summary judgment as to plaintiffs' claims on the grounds that they were time-barred pursuant to *Del Costello.*

In their response, plaintiffs did not deny that the limitations period is six months or that their complaint was filed more than six months after their grievances against Alaska Airlines were dismissed by the union. Plaintiffs did, however, ask for leave to do more discovery on the issue of whether their grievances were somehow revived by the union, thereby extending the time for filing a lawsuit. In an Order dated March 2, 1990, the court granted plaintiffs' request for more discovery "strictly limited to the issue of whether the union reconsidered or revived plaintiffs' grievances so as to toll the statute of limitations."

Having done more discovery and having found no evidence in support of an argument that their claims are not time-barred, plaintiffs now move for leave to voluntarily dismiss without prejudice their complaint against defendants under Rule 41, Fed.R. Civ.P. Defendant union responds that plaintiffs' motion is merely an effort to avoid the effect of the union's meritorious summary judgment motion and should not be countenanced.

Rule 41(a)(2) provides that once an adverse party has served an answer or moved for summary judgment, a plaintiff cannot voluntarily dismiss his or her case without leave of the court. Even if the court does grant leave, it may impose "such terms and conditions as the court deems proper." Plaintiffs' motion requests permission to dismiss their case without imposition of any terms and without prejudice. After carefully reviewing all briefs and affidavits submitted by plaintiffs and defendants, the court concludes that plaintiffs' motion for voluntary dismissal must be denied and defendants' motion for summary judgment granted.

The court reaches this decision because it cannot accept plaintiffs' request to dismiss their complaint without assessing terms. In its Supplemental Reply Brief in Support of Motion for Summary Judgment, pp. 8–9, the union points out that, as late as February 5, 1990, its counsel offered to discuss with plaintiffs' counsel the possibility of stipulating to the dismissal of both plaintiffs' claims without requiring them to pay any fees or costs.[1] Plaintiffs' counsel rejected the offer in a letter dated February 7, 1990. *See* Exhibit 8 to Amended Affidavit of Jan E. Brucker. In that letter, she acknowledged the applicability of a six-month limitations period. But she reiterated plaintiffs' refusal to voluntarily dis-

---

1. The union made this offer after it filed its motion for summary judgment and sanctions based on the statute of limitations on January 25, 1990.

miss their claims until they had completed discovery on any facts or circumstances which might toll the statute of limitations. Alternatively, she proposed that plaintiffs would agree to dismissal of their claims against the union only *"provided* we receive complete cooperation and assistance with plaintiffs' claims against the company for breach of contract."

Under these circumstances, the court cannot justify allowing plaintiffs to dismiss their lawsuit without compensation to the union for the fees and expenses incurred after plaintiffs refused its final offer of dismissal without penalty. The union cannot be expected to subsidize the cost of plaintiffs' quixotic quest for evidence to stave off dismissal of their claims.[2]

Moreover, the court cannot justify dismissing this case without prejudice. Plaintiffs recognize that their claims are time-barred. However, plaintiffs contend that they are part of a larger class of similarly situated individuals who have all been denied wages to which they are entitled. While plaintiffs cannot serve as class representatives in a projected class action suit, they assert that they will participate as unnamed plaintiffs.

■ The court rejects plaintiffs' argument as totally unfounded. Plaintiffs cannot expect to participate in a class action suit in any capacity when their claims are time-barred. As the union points out, a class action cannot be used to "save members of the purported class who have slept on their rights." *Crown, Cork & Seal Co. v. Parker,* 462 U.S. 345, 354, 103 S.Ct. 2392, 2398, 76 L.Ed.2d 628 (1983) (Powell, J., concurring).[3] Because further pursuit of their claims would amount to an abuse of the union's time, not to mention the court's, the court finds that plaintiffs' case against the union should be dismissed with prejudice.

Plaintiffs also move for voluntary dismissal of their claims against Alaska Airlines. Alaska Airlines responds that the motion is moot because, on March 26, 1990, plaintiffs accepted its offer to allow plaintiffs to dismiss their action with prejudice and without imposition of costs, attorney fees or sanctions.

Plaintiffs concur that they agreed to dismiss their claims against Alaska Airlines, but only without prejudice. Plaintiffs' counsel avers that on March 26, 1990 she telephoned counsel for Alaska Airlines and

---

**2.** Plaintiffs also argue that they should not have to pay the union's fees and costs because the union will be able to use the work product in continuing litigation. *Compare McLaughlin v. Cheshire,* 676 F.2d 855 (D.C.Cir.1982). Plaintiffs contend that they may have internal union remedies they can pursue.

This argument has no merit. The work which the union has done on this litigation has consisted principally of pressing its summary judgment motion while fighting plaintiffs' motions to amend their complaint and for voluntary dismissal. None of this work is relevant to internal union remedies. Even if the discovery which plaintiffs conducted into the union's prosecution of grievances might have marginal relevance, the union certainly did not have to expend attorney fees in discovery to look into its own records.

Plaintiffs further assert that the union would be able to use work product from this case to defend against a projected class action suit in which plaintiffs plan to participate. For reasons discussed *infra* at p. 478, this argument is equally without merit.

**3.** Plaintiffs try to distinguish their situation by again relying on *Bassett v. Teamsters Local 705,*

125 LRRM 3493 (N.D.Ill.1987). *See* this court's Order of March 2, 1990 in this case. The *Bassett* court found that the limitations period was tolled because the union reconsidered a group of previously adjudicated grievances in the course of reviewing a later filed grievance raising the same issue. Plaintiffs now argue that although their own claims were not revived, the actions of the union with respect to two other individual grievances on the same issue may raise questions under *Bassett* regarding the union's treatment of the broader class of employees of which plaintiffs are a part. Plaintiffs suggest that the class members may be able to claim tolling of the statute of limitations on their individual claims where there is clear evidence that the union considered grievances of similarly situated class members.

Truly, plaintiffs grasp at straws. Plaintiffs appear to argue that one may imply from the *Bassett* ruling some sort of duty on the union's part to revive all grievances of a similar nature if it reconsiders one. There is absolutely nothing in the *Bassett* opinion to support this idea. *Bassett* simply held that if the union does choose to reconsider a group of claims, then the statute of limitations is tolled as to those claims during the period of reconsideration.

left a message with her secretary that plaintiffs would accept dismissal without prejudice. Supplemental Affidavit of Jan E. Brucker in Support of Voluntary Dismissal, p. 3, ¶ 11.

Alaska Airlines in turn stresses the affidavit submitted by plaintiffs' counsel on March 26, 1990 to this court in which she averred that plaintiffs had accepted Alaska Airlines' offer allowing dismissal with prejudice and without imposition of costs or attorney fees. Affidavit of Jan E. Brucker, p. 2, ¶ 7. Plaintiffs' counsel replies that she submitted an amended affidavit on March 27, 1990 correcting her error and stating that acceptance of Alaska Airlines' offer was conditioned on achieving a similar settlement with the union. Amended Affidavit of Jan E. Brucker, p. 2, ¶ 7.

The court reaches two conclusions about this quarrel between counsel. First, plaintiffs' counsel should in future be more careful about the content of the documents she submits to the court. Second, even assuming that she only conditionally accepted Alaska Airlines' offer on behalf of her clients, this court refuses to dismiss plaintiffs' claims without prejudice. As discussed above, plaintiffs' claims are clearly time-barred; this litigation should not be continued.

Thus, the court concludes that plaintiffs' motion for voluntary dismissal of their claims against the union and Alaska Airlines without imposition of terms and without prejudice must be denied.

The court accordingly turns to defendants' motion for summary judgment. Because plaintiffs do not and cannot dispute that their claims are barred by the applicable six-month limitations period, the motion must be granted.

■ Plaintiffs have also moved to amend their complaint to add a claim for conspiracy between the union and Alaska Airlines to defraud plaintiffs of their wages and to deprive them of due process. Relying on *Brock v. Republic Airlines, Inc.*, 776 F.2d 523, 526 (5th Cir.1985), plaintiffs contend that this claim is not barred by the six-month statute of limitations. *Brock* held that the two-year limitations period set forth in 45 U.S.C. § 153 (First) (r) was applicable to plaintiff's contention that his employer and union conspired to deprive him of benefits under the collective bargaining agreement.

The court cannot accept plaintiffs' argument. In *Kalombo v. Hughes Market, Inc.*, 886 F.2d 258, 259 (9th Cir.1989), the Ninth Circuit considered and rejected a similar contention. Plaintiff in *Kalombo* insisted that the six-month limitations period was not applicable to his claim against his union because he alleged facts showing that the union was guilty of collusion with his employer's decision to fire him solely on the basis of his race. The Ninth Circuit refused to adopt a rule that would permit varying statutes of limitation for a claim of breach of the duty of fair representation depending solely on the facts pleaded in the complaint. The court reasoned that the chaos created by such a holding would destroy the certainty concerning the limitations period achieved by *Del Costello*.

The court notes that the Seventh Circuit has also rejected the ruling in *Brock* on which plaintiffs rely. *Compare Steffens v. Brotherhood of Railway, Airline and Steamship Clerks, Freight Handlers, Express and Station Employees*, 797 F.2d 442, 448 (7th Cir.1986), in which, faced with a situation similar to plaintiffs', the court refused to apply the two year limitations period in 45 U.S.C. § 153 (First) (r). The *Steffens* court held that this result ignored the clear language of the jurisdictional statute, which applies only to misfeasance by a National Railroad Adjustment Board member. The court also noted that invoking the two-year period would create a situation in which some breaches of the duty of fair representation are subject to a six-month period while others are governed by the two-year statute.

■ Finally, the question remains as to whether sanctions are appropriate. The union requests that sanctions be imposed against plaintiffs' counsel pursuant to Rule 11, Fed.R.Civ.P., based on counsel's filing of a frivolous, time-barred lawsuit and subsequent refusal to dismiss the suit even

after the union advised her of the expiration of the limitations period. *See Golden Eagle Distributing Corp. v. Burroughs Corp.*, 801 F.2d 1531 (9th Cir.1986).

Rule 11 provides that all pleadings submitted to the court must be signed by the attorney of record in the case, if any. That signature certifies that

> to the best of the signer's knowledge, information, and belief formed after reasonable inquiry [the document] is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

If a pleading is signed in violation of this rule, the court "shall impose ... an appropriate sanction, which may include an order to pay to the other party ... the amount of the reasonable expenses incurred because of the filing of the pleading...."

In this case, plaintiffs' counsel admits that she filed time-barred claims under the mistaken belief that the applicable statute of limitations was two years. Supplemental Affidavit of Jan E. Brucker in Support of Voluntary Dismissal, p. 2, ¶ 4. In a letter dated December 21, 1989, the union's counsel pointed out the problem with the limitations period and offered plaintiffs' counsel the opportunity to dismiss the case with prejudice and without costs. She rejected the offer and instead filed a motion to amend the complaint in a vain effort to escape the six-month limitations period. Even after filing a motion for summary judgment, the union was willing to discuss dismissal of the claims with plaintiffs' counsel. Again she refused.

The court finds that plaintiffs' claims violated Rule 11 in that they were clearly not warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that sanctions are in order. At the time plaintiffs filed their complaint, the applicable limitations period was clearly and indisputably six months. Plaintiffs never had any factual basis for believing that the statute of limitations was tolled nor did plaintiffs have any legal basis for arguing an exception to the *Del Costello* rule.

However, the court does not hold plaintiffs themselves accountable because it was not their responsibility to determine the limitations period. That was plaintiffs' counsel's task. *Plaintiffs' counsel* shall accordingly pay $2,000 to defendant union in partial compensation for the attorney fees needlessly expended by the union in contesting plaintiffs' time-barred claims.

In conclusion, defendants' motion for summary judgment and sanctions is GRANTED; plaintiffs' motions for voluntary dismissal and to amend their complaint are DENIED.