Edie HALL

v.

CONTINENTAL AIRLINES,
INC., et al.

No. Civ.A. G–00–087.

United States District Court,
S.D. Texas,
Galveston Division.

Jan. 12, 2001.

Cynthia Thomson Diggs, Holmes Woods et al., Houston, TX, for Plaintiff.

Robin E. Curtis, Suzanne Lehman Johnson, Continental Airlines Inc., Houston, TX, James Roddy Tanner, Gillespie Rozen Tanner and Watsky, Ft. Worth, TX, Defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

KENT, District Judge.

Plaintiff Edie Hall brings this action against her employer, Continental Airlines, Inc. ("Continental"), for breach of contract and against her union, International Association of Machinists and Aerospace Workers and Local Lodge 2339H (collectively the "Union"), for breach of the duty of fair representation. Plaintiff's claims arise out the suspension of Plaintiff's voicemail privileges by Continental and the alleged mishandling of her grievances relating to the matter by the Union. Now before the Court are Defendant Continental's and Defendant Union's Motions to Dismiss for Lack of Subject Matter Jurisdiction. For

the reasons stated below, the Court **GRANTS** Defendants' Motions.

## I. *BACKGROUND*

Plaintiff is employed by Continental as a flight attendant. Like many employees of Continental, Plaintiff is a member of the Union. One of the privileges that Plaintiff enjoys as a flight attendant is the use of voicemail, which allows the Plaintiff to send telephonically recorded messages to other employees, or to groups of employees who sign up for the "all call system." On or about August 16, 1999, Plaintiff broadcast what Defendants characterize as an "unauthorized all call" voicemail containing allegedly inaccurate information. Consequently, Continental suspended Plaintiff's voicemail privilege for a period of six months, beginning August 19, 1999. In response to the loss of her voicemail privilege, Plaintiff pursued three grievances with Continental. The first of these, which the Union claims to have filed on September 17, 1999, requested reinstatement of Plaintiff's voice mail. The second grievance, which the Union claims it filed on December 1, 1999, requested removal of all documentation regarding the voicemail incident from Plaintiff's file. The final grievance, which the Union claims to have filed on December 14, 1999, requested reimbursement for four hours pay that Plaintiff allegedly lost when she met with her supervisor regarding the incident. The Union claims that it filed grievances on Plaintiff's behalf, but Plaintiff contends that she was never informed of this. The Union admits, however, that due to lengthy contract negotiations with Continental, processing of the grievances was delayed. Ultimately, the three grievances were consolidated at the first level of the grievance procedure in place and were presented to Continental on May 8, 2000. On September 20, 2000 Continental denied the grievances at the first level, and the Union appealed the dispute to the second level. Continental subsequently denied the grievances on October 26, 2000. Under the collective bargaining agreement in

force at the time ("CBA"), the denial can be appealed to the System Board of Adjustment, an arbitration panel. Defendants claim that this is where this dispute properly belongs, whereas Plaintiff insists on prosecuting the grievances in federal court. Plaintiff alleges that Continental's suspension of her voicemail privilege violated the CBA and resulted in her losing additional work. She also seeks to have all reference to the matter removed from her file and reimbursement for wages forgone in attending a mandatory meeting regarding the incident. Plaintiff also alleges that the Union did not adequately represent her during the grievance procedure. Although the Union claims that it timely filed the grievances on Plaintiff's behalf, Plaintiff claims that she was not informed of this at the time, that one of the union representatives informed her that he planned to "sit" on her grievance, and that processing of the grievance has been unreasonably delayed.

## II. *ANALYSIS*

A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. *See Home Builders Ass'n of Miss., Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998). The burden of proof on a motion to dismiss under Rule 12(b)(1) is on the party asserting jurisdiction. *See Strain v. Harrelson Rubber Co.,* 742 F.2d 888, 889 (5th Cir.1984); *McDaniel v. United States,* 899 F.Supp. 305, 307 (E.D.Tex.1995).

Defendants argue that Plaintiff's claims are preempted by the Railway Labor Act, 45 U.S.C. § 151 et seq. ("RLA"). Under the RLA, which Congress has extended to the air transportation industry, air carriers are required to maintain a Board of Adjustment to resolve disputes between an air carrier and its employees. *See* 45 U.S.C. § 184. The Board of Adjustment has exclusive jurisdiction over all "minor

disputes" which are defined as "those involving the interpretation or application of existing contracts." *Pittsburgh & Lake Erie Railroad Co. v. Railway Labor Executives's Ass'n*, 491 U.S. 490, 496 n. 4, 109 S.Ct. 2584, 2589 n. 4, 105 L.Ed.2d 415 (1989); *Hawaiian Airlines v. Norris*, 512 U.S. 246, 256, 114 S.Ct. 2239, 2245, 129 L.Ed.2d 203 (1994). "Minor dispute" does not refer necessarily to an issue of low importance, but rather is a term of art used to distinguish cases involving interpretation of an existing collective bargaining agreement from "major disputes" or those involving "attempts to change 'rates of pay, rules, or working conditions not adjusted by the parties in conference.'" *Association of Professional Flight Attendants v. American Airlines, Inc.*, 843 F.2d 209, 211 (5th Cir.1988) (citing 45 U.S.C. § 155). Courts generally do not have jurisdiction of *either* minor disputes or major disputes, but only over those cases that "but for the general jurisdiction of the federal courts there would be no remedy to enforce the statutory commands which Congress had written into the Railway Labor Act." *Trans World Airlines, Inc. v. Independent Fed'n of Flight Attendants*, 489 U.S. 426, 441, 109 S.Ct. 1225, 1235, 103 L.Ed.2d 456 (1989) (internal citations omitted).

As the then existing CBA governs the terms and conditions of Plaintiff's employment, Plaintiff's claims against Continental necessarily involve interpretation of the CBA and hence qualify as "minor disputes" within the meaning of the RLA. As such, they are preempted. Plaintiff argues, however, that the claims are not preempted because she brings a "hybrid action," involving both the claims against her employer and a claim against the union for breach of the duty of fair representation. *Trial v. Atchison, Topeka & Santa Fe Ry. Co.*, 896 F.2d 120, 123 (5th Cir. 1990). It is true that hybrid actions present an exception to the Board's exclusive jurisdiction. *See id.* In such cases, the Court has jurisdiction over both the otherwise preempted claims against the employer and claims against the union. *See id.* Nevertheless, before bringing a hybrid claim, the Plaintiff is still required to exhaust the contractual grievance and arbitration procedures available to her. *See Vaca v. Sipes*, 386 U.S. 171, 184, 87 S.Ct. 903, 914, 17 L.Ed.2d 842 (1967); *Glover v. St. Louis–San Francisco Ry. Co.*, 393 U.S. 324, 330, 89 S.Ct. 548, 552, 21 L.Ed.2d 519 (1969) (both holding that an aggrieved employee must exhaust grievance and arbitration procedures before bringing suit). *Cf. Brock v. Republic Airlines*, 776 F.2d 523, 526 (5th Cir.1985) (holding that the sixth month statute of limitations for hybrid claims begins to run when the Board makes its decision). Plaintiff has not sought arbitration before the Board. Moreover, the two exceptions to the exhaustion requirement laid out in *Vaca* by the Supreme Court are not applicable in this case. First, the conduct of Continental here certainly does not amount to "a repudiation of the [exclusive remedial procedure established by contract]." *Vaca*, 386 U.S. at 185, 87 S.Ct. at 914. Continental has heard Plaintiff's grievances and presumably would be willing to submit the matter to binding arbitration. Second, it does not appear that the union has prevented Plaintiff from exhausting the higher stages of the grievance procedure. *See id.* There is no indication that the Union is unwilling to proceed to arbitration before the Board on Plaintiff's behalf, and even if it were unwilling, Plaintiff could appeal to the Board on her own. *See* 45 U.S.C. § 153(j). Because Plaintiff has not exhausted her contractually provided for remedies, this hybrid case is premature and the Court must dismiss for lack of subject matter jurisdiction.

### III. *CONCLUSION*

For the reasons stated above, Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction is **GRANTED.**

## 814

All parties are to bear their own costs incurred herein to date.

**IT IS SO ORDERED.**

### FINAL JUDGMENT

For the reasons set forth in the Order issued this date, Defendant's Motion to Dismiss is hereby **GRANTED** and Judgment is entered for Defendants. All parties are **ORDERED** to bear their own costs and attorney's fees incurred herein to date. **THIS IS A FINAL JUDGMENT.**

**IT IS SO ORDERED.**