IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-11344
Summary Calendar

_____


SHIRLEY SHAW,

Plaintiff-Appellant,

versus

DILLARD DEPARTMENT STORES, INC.;
MIKE LITCHFORD; DILLARD TEXAS OPERATING
LIMITED PARTNERSHIP,

Defendants-Appellees.

---------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:99-CV-1291-P
---------------------------------------------------------
July 3, 2001

Before EMILIO M. GARZA, STEWART and PARKER, Circuit Judges:

PER CURIAM:[*]

Shirley Shaw appeals the district court's grant of summary judgment in favor of the

defendants dismissing her 42 U.S.C. § 1983 claim. She argues that summary judgment was

improperly granted on her state-law claim of malicious prosecution because there remain disputed

material issues of fact regarding whether the defendants acted with malice and whether Dillard's told

her that giving "gift with purchase" items to unqualified customers was theft and against store policy.

We review a grant of summary judgment applying the same standard as the court below.

Deas v. River West, L.P., 152 F.3d 471, 475 (5th Cir. 1998), cert. denied, 527 U.S. 1035 (1999).

"Summary judgment is properly granted if 'the pleadings, depositions, answers to interrogatories, and

admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

material fact and that the moving party is entitled to judgment as a matter of law.'" Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Rule 56(c), Federal Rules of Civil Procedure). If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the nonmovant to set forth specific facts showing the existence of such an issue for trial. Rule 56(e), Federal Rules of Civil Procedure. We view the evidence in the light most favorable to Shaw and determine whether any genuine issue of material facts exists. See Brock v. Republic Airlines, Inc., 776 F.2d 523, 527 (5th Cir. 1985).

Shaw briefs only the dismissal of her state-law malicious- prosecution claim, and, therefore, she has abandoned appeal of the district court's dismissal of her 42 U.S.C. § 1983 and other state-law claims. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Shaw has produced no evidence establishing the existence of a genuine issue of material fact that would preclude summary judgment for the defendants on her malicious prosecution-claim. The judgment of the district court is AFFIRMED.