# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 13, 2026

Lyle W. Cayce
Clerk

No. 25-20122

SHEILA FOSTER,

*Plaintiff—Appellant*,

*versus*

ROBERT JESEL; MIKE KLEMM; IAMAW DISTRICT LODGE 141,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:24-CV-3356

_____

Before ELROD, *Chief Judge*, *and* SMITH and WILSON, *Circuit Judges*.
PER CURIAM:

When Sheila Foster's union did not prosecute grievances she filed against her former employer, Foster sued the union, its president, and a union representative for breach of contract and misrepresentation. The district court dismissed the claims with prejudice for failure to file within the statute of limitations. Foster appeals. We affirm.

I.

Foster worked for United Airlines. She was represented by IAMAW District Lodge 141 ("Union"), as outlined in the Passenger Service Agree-

ment ("PSA"), the collective bargaining agreement between the Union and United.

After Foster injured her knee while working, she requested multiple accommodations and transfers. United denied her requests and ultimately fired her. Foster filed a formal complaint with her union representative, Robert Jesel. Foster sought for Jesel to pursue her complaint against United under the PSA. On September 2, 2022, Jesel informed Foster that he had closed her file and that the Union would not be pursuing her claims.

On September 9, 2024, Foster sued Jesel, Lodge 141 President Mike Klemm, and the Union for not pursuing her claims. Though Foster identified her two causes of action as "breach of contract" and "misrepresentation," she invoked federal question jurisdiction. The sole basis for her two claims was an alleged breach of the representational duties outlined in the PSA, a breach covered by the Railway Labor Act ("RLA").

Defendants moved to dismiss for failure to state a claim. The district court dismissed with prejudice, holding that Foster had failed to state a claim because "the statute of limitations for duty of fair representation claims had expired."

## II.

The court has jurisdiction under 28 U.S.C. § 1291 to review final judgments. Because Foster's claims arise under the RLA, and a district court's granting of a motion to dismiss is a "final decision" under § 1291, this court has jurisdiction over Foster's appeal. 28 U.S.C. § 1331.

We review a dismissal for failure to state a claim *de novo*. *Jones v. Adm'rs of Tulane Educ. Fund*, 51 F.4th 101, 109 (5th Cir. 2022). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

No. 25-20122

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

A district court's decision to dismiss with or without prejudice is reviewed for abuse of discretion. *D&T Partners, L.L.C. v. Baymark Partners Mgmt., L.L.C.*, 98 F.4th 198, 210 (5th Cir.), *cert. denied*, 145 S. Ct. 264 (2024). The district court has discretion to dismiss a claim with prejudice under Federal Rule of Civil Procedure 12(b)(6) and to deny leave to amend a complaint where amendment would be futile. *See Doe 1 v. City View Indep. Sch. Dist.*, 150 F.4th 668 (5th Cir. 2025) (per curiam).

III.

Foster raises three issues on appeal. Two issues challenge the district court's holding that her claims are preempted by the RLA. The other issue challenges the dismissal of her claim for not being filed within the RLA's statute of limitations.

A.

Foster asserts that "the district court erred by allowing United Airlines and IAMAW District Lodge 141 to invoke RLA preemption selectively" and "the district court misapplied choice-of-law principles by refusing to enforce a uniform RLA duty of fair representation standard."[1]

The duty of fair representation is implied in the RLA. *See Ford Motor*

---

[1] It is unclear how Foster's preemption arguments relate to this case. United is not a party, and defendants do not rely on, and the district court did not apply, any state law. Nonetheless, we proceed with a preemption analysis.

*Co. v. Huffman*, 345 U.S. 330 (1953); *Steele v. Louisville & N.R. Co.*, 323 U.S. 192 (1944). "Under this doctrine, the exclusive agent's statutory authority to represent all members of a designated unit includes a statutory obligation to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct." *Vaca v. Sipes*, 386 U.S. 171, 177 (1967) (citing *Humphrey v. Moore*, 375 U.S. 335, 342 (1964)). The federal duty of fair representation preempts state substantive law. *Richardson v. United Steelworkers of Am.*, 864 F.2d 1162, 1166 (5th Cir. 1989).

Foster alleges that defendants breached the PSA, which she admits is a federal issue. Though she raises state law claims, she does not allege that defendants owed her a duty under an obligation outside the PSA. Her allegations fall squarely within the RLA and the duty of fair representation. Her state law claims are thus preempted by the RLA.

B.

Foster asserts that the district court erred in dismissing her claim for failure to file her lawsuit within the statute of limitations.

"Dismissal is appropriate if it is clear from the face of the complaint that the claims asserted are barred by the applicable statute of limitations." *Stanley v. Morgan*, 120 F.4th 467, 470 (5th Cir. 2024) (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999)), *cert. denied*, 145 S. Ct. 1314 (2025). A six-month limitations period applies to duty-of-fair-representation claims under the RLA. *Brock v. Republic Airlines, Inc.*, 776 F.2d 523, 526 (5th Cir. 1985). "The statutory period begins to run when the plaintiff either knew or should have known of the injury itself, i.e., the breach of duty of fair representation, rather than of its manifestations." *Barrett v. Ebasco Constructors, Inc.*, 868 F.2d 170, 171 (5th Cir. 1989) (citing *Farr v. H.K. Porter Co.,* 727 F.2d 502, 505 (5th Cir. 1984)).

No. 25-20122

Foster alleged that "[o]n September 2, 2022, defendants notified [her] that they closed her file and that they would not be pursuing arbitration[.]" Thus, as of that date, Foster was on notice that Jesel would not pursue her claim against United, the alleged breach of duty of fair representation. Foster did not sue until September 9, 2024.

Foster avers that her delay is justified because "repeated misrepresentations induced her delay and that she only discovered the refusal upon diligent inquiry." But the alleged misrepresentations all occurred before September 2, 2022. Foster stated that the misrepresentations ended September 16, 2021. Thus, the alleged misrepresentations do not justify a delay after September 2, 2022, when she received notice that Jesel would not pursue arbitration on her claim.

Because Foster sued more than six months after her claim accrued, she did not file within the limitations period. *See Brock*, 776 F.2d at 526. Because any potential amendment would be futile, the district court did not err in dismissing with prejudice. *See Doe 1*, 150 F.4th at 677.

AFFIRMED.